FULLEYLOVE, by guardian *ad litem*, Appellant, vs. CONSTITUTION INDEMNITY INSURANCE COMPANY, Respondent.

*May 13—October 13, 1931.*

*Joseph C. Barly* of Milwaukee, for the appellant.

For the respondent there were briefs by *James E. Coleman,* attorney, and *William J. McCauley* of counsel, both of Milwaukee, and oral argument by *Mr. McCauley.*

The following opinion was filed June 12, 1931:

ROSENBERRY, C. J.   The plaintiff here relies upon *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, where it was held that the plaintiff might proceed directly against the insurer and that under the contract of insurance the insured was not a necessary party to the maintenance of the action.   In *Elliott v. Indemnity Ins. Co.* the policy did not contain a "no action" clause.   What was held in that case was that, it appearing that the estate was insolvent, the filing of a claim against it would be a useless formality and that the plaintiff would not be compelled, under the circumstances of that case, to make the estate a party.   No such circumstances appear in this case.   The court took evidence from which it appears as the court found that neither the insured L. H. Hombs nor his wife can be found within the jurisdiction of the court or their whereabouts discovered elsewhere.   The policy provides that the insured shall, "at the request of the insurer," assist in the defense, in the manner prescribed in the policy.   It does not appear that the insurance company ever requested the defendant to assist it. The defendant did give notice of the injury and then disappeared.   Whether or not there has been such a breach of the policy as discharged the insurer is a question that ought to be determined only when the insured is in court.   It satisfactorily appearing that the policy contained a "no action" clause, the court should have treated the answer as

a plea in abatement and dismissed the action for that reason. The evidence does not sustain the finding that there is a breach of contract because the evidence fails to disclose any request by the insurer to aid in the defense.

The judgment should be reversed and cause remanded with directions to enter judgment dismissing the action for the reason that under the terms of the policy no action lies against the insurer until judgment has been had against the insured. *Bachhuber v. Boosalis,* 200 Wis. 574, 229 N. W. 117.

*By the Court.*—Judgment reversed, and cause remanded with directions as stated in this opinion. No costs to be taxed by either party, appellant to pay the clerk's fees.

The following opinion was filed October 13, 1931:

ROSENBERRY, C. J. (*on motion for rehearing*). The sentence used in the opinion as follows: "Whether or not there has been such a breach of the policy as discharged the insurer is a question that ought to be determined only when the insured is in court," may be so construed as to cover situations not presented by the facts in this case. The sentence was used by way of argument and was intended to indicate that the insurer could not be concluded unless and until he had had his day in court. It is apparent that situations might arise where policies did not contain a "no action" clause, in which the insurer should have the right to defend on the ground that the policy of insurance had been breached. That situation, however, is not presented by the facts in this case.

*By the Court.*—Motion for rehearing denied. No costs.