OERTEL, Respondent, vs. WILLIAMS, Defendant: FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant.

*November 8, 1933—February 6, 1934.*

For the respondent the cause was submitted on the brief of *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* of counsel, all of Milwaukee.

A brief was also filed by *Shaw, Muskat & Paulsen,* attorneys, and *Martin R. Paulsen,* all of Milwaukee, as *amici curiæ.*

The following opinion was filed December 5, 1933:

FRITZ, J. The plaintiff, a resident of New York, brought this action to recover $20,000 for injuries sustained by him on September 3, 1932, in a collision in Indiana, which plaintiff alleges was caused by negligence of the defendant Williams in operating his automobile. The Fidelity & Casualty Company of New York was joined as defendant because at the time of the collision there was in force and effect an

automobile liability insurance policy which it had issued to Williams on February 12, 1932, in Wisconsin, which was then his place of residence. After the policy was issued Williams removed to Pennsylvania, which was his place of residence at the time of the collision and the commencement of this action, in which there has been no service on or appearance by him. The policy had the same "no-action" clause that was under consideration in such cases as *Morgan v. Hunt,* 196 Wis. 298, 220 N. W. 224, and *Bergstein v. Popkin,* 202 Wis. 625, 233 N. W. 572. However, the policy was issued after sec. 260.11, Stats., was amended by ch. 375, Laws of 1931.

In answer to plaintiff's complaint, the insurer, Fidelity & Casualty Company of New York, denied liability on the part of Williams and itself, and also filed two pleas in abatement. Plaintiff demurred to those pleas in abatement on the ground that they did not state facts sufficient to constitute a defense. The court sustained plaintiff's demurrer, and the insurer appealed.

As to its first plea in abatement the insurer contends that, as against it, this action is premature because (1) the policy had a "no-action" clause, and no final judgment has been recovered against Williams; (2) the insurer is not liable at all to plaintiff for such damages as he may recover from Williams; (3) under the law of Indiana the Fidelity & Casualty Company of New York cannot be joined as a defendant against its objection; and (4) if sec. 260.11, Stats. 1931, is construed to cover the policy, it is unconstitutional in that it impairs the obligation of contracts and amounts to the taking of property without due process of law.

The decision filed herewith in the case of *Lang v. Baumann,* 213 Wis. 258, 251 N. W. 461, disposes of the insurer's contention that by reason of the "no-action" clause in its policy it cannot be joined in an action as a defendant

until a final judgment has been recovered against the insured. To so hold as to a policy issued after June 30, 1931, would be in utter disregard of the unequivocal provision in sec. 260.11, Stats., as amended on June 30, 1931, by ch. 375, Laws of 1931, that, in an action of this character, an insurer, which is interested in the controversy as the insurer in this case is by virtue of the policy which it issued to Williams, is "made a proper party defendant in any action brought by plaintiff on account of any claim against the insured." Likewise, the contention that the insurer (under a policy issued in Wisconsin with sec. 85.93, Stats. 1931, embodied therein by operation of law) is not liable at all to plaintiff for damages which he may recover against Williams, is disposed of by the decisions collected in *Heinzen v. Underwriters Casualty Co.* 208 Wis. 512, 514, 243 N. W. 448.

Whether, under the law of Indiana, the insurer can or cannot, as a matter of procedure, be joined, against its objection, as a defendant in such an action is immaterial. That is purely a question of procedural law as to which, under the rule that the law of the forum governs all matters relating to the remedy, the conduct of the trial, and the evidence (*Eingartner v. Illinois Steel Co.* 94 Wis. 70, 68 N. W. 664; *Second Nat. Bank of Richmond v. Smith,* 118 Wis. 18, 94 N. W. 664; *International Harvester Co. v. McAdam,* 142 Wis. 114, 124 N. W. 1042; *Buckeye v. Buckeye,* 203 Wis. 248, 234 N. W. 342), the procedural law of this state is controlling. No sound reason has been stated by the insurer because of which the application of a purely procedural statute, such as sec. 260.11, Stats. 1931, to a matter of procedure in this action, which is transitory in its nature, which was commenced in this state after the enactment of that statute, and which is based on a policy issued in this state after such enactment, can be considered a violation of any constitutional provision.

The second plea in abatement is based upon the contention that Williams is a necessary party to the action, and that this action cannot be maintained against the insurer unless and until Williams has been served or has appeared in this action. In *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, we held that the representative of the estate of an insured, who died insolvent before the commencement of a similar action, was not a necessary party, and that the action could be maintained against the insurer as the sole defendant. The policy involved in that case did not have a "no-action" clause. Subsequently, in *Fulleylove v. Constitution Indemnity Ins. Co.* 205 Wis. 463, 237 N. W. 95, 238 N. W. 289, in which only the insurer was served and the insured did not appear, we sustained the insurer's plea in abatement on the ground that, because of a "no-action" clause in the policy issued in 1928, the action could not be maintained against the insurer until judgment had been recovered against him. However, under the policy involved in that case, and the statutes in effect at the time of its issuance in 1928, there was no such direct liability to the injured person as existed under the policy in the *Elliott Case*. As such direct liability on the part of the insurer exists in the case at bar, as it did in the *Elliott Case*, the conclusion in that case that the insured is not a necessary party ·is likewise applicable herein, and it was therefore proper to sustain the demurrer to the second plea in abatement.

*By the Court.*—Order affirmed.

ROSENBERRY, C. J. (*dissenting*). I respectfully dissent from the conclusion reached by the court in this case. The situation looked forward to in *Elliott v. Indemnity Ins. Co.* 201 Wis. 445, 230 N. W. 87, is now present. Under the law as declared in the opinion of the court the insurer now becomes a principal and is now compelled at his risk to

defend the insured without the aid, co-operation, or even the presence of the insured. If recovery is had against the insurer, the insured is not bound thereby. Further, the insurer is not permitted to litigate the question of its liability under the policy, as that could only be done in the presence of the insured, he being a necessary party thereto.

A motion for a rehearing was denied, with $25 costs, on February 6, 1934.