## ARNE L. ANDERSON v. STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY.[1]

November 8, 1946.

No. 34,237.

[1]Reported in 24 N. W. (2d) 836.

*Robert J. McDonald, William H. DeParcq, Donald T. Barbeau,* and *Michael Levin,* for appellant.

*Freeman & King,* for respondent.

PETERSON, JUSTICE.

This case is here on plaintiff's appeal from the order sustaining defendant's demurrer to the complaint. The question for decision is whether, in an action brought in Minnesota by a person injured in Wisconsin by the negligence of the insured named in an automobile liability insurance policy containing a no-action clause issued to him at his residence in Wisconsin, the insurer is liable directly to the person injured for the negligence of the insured where the insured's liability for negligence has not been established by a judgment recovered against him after actual trial.

Plaintiff sustained personal injuries and property damage as the result of a collision between his automobile and that of Edward J. Maitrejean, defendant's insured, on a public highway in Wisconsin. Insured's automobile was operated at the time by a third person, but under the circumstances his negligence was legally attributable to insured under the law of Wisconsin. At the time of the accident, insured, who was a resident of Wisconsin, was insured against liability for such risks by defendant under a policy of automobile liability insurance issued in that state. The policy provided that defendant agreed to pay in behalf of the insured all sums for which he should become obligated by reason of liability imposed upon him for either personal injuries or property damage caused by accident or arising out of the ownership, maintenance, or use of his automobile, subject to the conditions set forth in the policy. Among the conditions is the no-action clause[3] already mentioned. It provides that no action shall lie

[3]So far as pertinent the clause reads: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, nor until the amount of the insured's obligation to pay shall have been finally determined either by

against the insurer unless as a condition precedent thereto the amount of the insured's obligation shall have been determined either by a judgment against the insured after actual trial or by an agreement joined in by the insurer. Plaintiff asserts that the policy, having been issued in Wisconsin, is governed by the law of that state and that under § 85.93 an insurer is liable directly to a person injured by its insured's negligence without the recovery of a judgment establishing liability against the insured. Plaintiff has not recovered a judgment against the insured. Section 85.93 provides in effect that the provisions thereof shall be deemed a part of the contract of insurance and that the insurer shall be liable to a person injured by the insured's negligence. Section 260.11(1) provides in effect that in an action by an injured person for injuries caused by the negligence of the insured the insurer may be joined as a party defendant. For present purposes, it is conceded that defendant's liability to plaintiff, if any, arises under and is to be determined by these statutes.[4]

judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability."

[4] "85.93 Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

"260.11(1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom

Plaintiff contends that § 85.93 imposes upon the insurer liability directly to the person injured for the insured's negligence without joinder of the insured, and that § 260.11(1), by providing for the joinder of the insurer under an automobile liability insurance policy in an action by the injured party to recover damages caused by the negligence of the insured in operating a motor vehicle, in effect nullifies and supersedes the no-action clause. Defendant's contention is that § 85.93 as construed by the supreme court of Wisconsin creates whatever substantive rights an injured person has to hold an insurer directly liable for the negligence of the insured and permits limitation of that liability by a no-action clause, so that, absent an agreement joined in by the insurer mentioned in the policy, no action against the insurer can be brought until after the insured's liability for damages has been determined by a judgment rendered against him after actual trial; that § 260.11(1) creates no substantive rights and relates only to procedure in the courts of Wisconsin and authorizes the joinder there of the insurer as a party defendant in an action by the injured person to enforce liability for the insured's negligence; that under the rules of the conflict of laws plaintiff, as the injured person, may enforce in our courts only substantive rights conferred by § 85.93 and not procedural rights under § 260.11(1); that, be-

the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court. In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

cause of plaintiff's failure to recover a judgment against the insured establishing his obligation as required by the no-action clause, he has no substantive right under § 85.93 to hold defendant as the insurer directly liable for the negligence of its insured; that, because any procedural rights an injured party may have under § 260.11(1) to join the insurer in an action such as this are not enforceable in our courts and because our local law does not permit such a joinder, defendant was improperly joined in this action; and that for the reasons mentioned plaintiff's action must fail.

The issues thus raised are to be resolved by the application of a few simple rules of the conflict of laws. We shall assume, as the parties have and as we held in Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1, that the insurer's liability is a contractual one embracing within its coverage the substantive provisions of the law of Wisconsin relating to such liability. In transitory actions, matters of substantive law are governed by the law of the place of the transaction, which in this case is that of the place where the insurance policy is issued *(lex loci contractus)*, and matters of procedure by the law of the place where the action is brought *(lex fori)*.[5] The court of the forum, subject only to the limitations of the federal constitution (a matter not involved here), determines whether a given question involves one of substance or of remedy.[6] Joinder of parties relates to the

---

[5] In Herrick v. M. & St. L. Ry. Co. 31 Minn. 11, 13, 16 N. W. 413, 47 Am. R. 771, 772 (affirmed, 127 U. S. 210, 8 S. Ct. 1176, 32 L. ed. 109), Mr. Justice Mitchell, speaking for the court, said:

"The statute of another state has, of course, no extraterritorial force, but rights acquired under it will always, in comity, be enforced, if not against the public policy of the laws of the former. In such cases the law of the place where the right was acquired, or the liability was incurred, will govern as to the *right of action;* while all that pertains merely to the *remedy* will be controlled by the law of the state where the action is brought. And we think the principle is the same, whether the right of action be *ex contractu* or *ex delicto.*"

[6] Restatement, Conflict of Laws, § 584; Goodrich, Conflict of Laws (2 ed.) § 78. See, John Hancock Mut. L. Ins. Co. v. Yates, 299 U. S. 178, 57 S. Ct. 129, 81 L. ed. 106.

remedy, with the consequence that the law of the forum with respect to that subject matter governs.[7]  Once the court of the forum has decided which matters are substantive and which are procedural, it will determine substantive rights in accordance with the foreign law.  In construing a foreign statute to determine whether it creates substantive or remedial rights, the courts of the forum will adopt the construction of the statute with respect to the matter which the courts of the state of the statute have given it.[8]

The case of Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329, 85 A. L. R. 1, *supra,* is decisive here.  There the plaintiff, a person injured in Wisconsin by the negligence of the insured, sued the insurer under an automobile liability insurance policy issued

[7]Brunette v. M. St. P. & S. S. M. Ry. Co. 118 Minn. 444, 137 N. W. 172; National Mut. Cas. Co. v. Blackford, 200 Ark. 847, 141 S. W. (2d) 54; Page v. W. F. Hallam & Co. 212 Ill. App. 462; Albers v. Great Central Transport Corp. 145 Ohio St. 129, 60 N. E. (2d) 669; McIntosh v. Whieldon, 205 S. C. 119, 30 S. E. (2d) 851; Oertel v. Williams, 214 Wis. 68, 251 N. W. 465.

[8]Njus v. C. M. & St. P. Ry. Co. 47 Minn. 92, 49 N. W. 527; Goldberg v. Cook, 206 Minn. 450, 289 N. W. 512; Teders v. Rothermel, 205 Minn. 470, 286 N. W. 353; Coster v. Coster, 289 N. Y. 438, 290 N. Y. 662, 46 N. E. (2d) 509, 49 N. E. (2d) 621, 146 A. L. R. 702; Annotation, 73 A. L. R. 899.

As Chief Justice Marshall, in a somewhat different connection, said in Elmendorf v. Taylor, 23 U. S. (10 Wheat.) 152, 159, 6 L. ed. 289, 292:

"This Court has uniformly professed its disposition, in cases depending on the laws of a particular State, to adopt the construction which the Courts of the State have given to those laws.  This course is founded on the principle, supposed to be universally recognized, that the judicial department of every government, where such department exists, is the appropriate organ for construing the legislative acts of that government.  Thus, no Court in the universe, which professed to be governed by principle, would, we presume, undertake to say, that the Courts of Great Britain, or of France, or of any other nation, had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding.  We receive the construction given by the Courts of the nation as the true sense of the law, and feel ourselves no more at liberty to depart from that construction, than to depart from the words of the statute."

in that state without joining the insured as a defendant to enforce the direct liability imposed by § 85.93 upon such an insurer for the negligence of its insured. The policy did not contain a no-action clause. We held that plaintiff could enforce by action in our courts whatever substantive rights he had under § 85.93 as construed by the supreme court of Wisconsin; that, while the injured party had the right in Wisconsin to join the insurer, his remedial rights in our courts, including that of joining the insurer, were governed by our local law; that § 85.93, as construed by the supreme court of Wisconsin, imported into every policy of automobile liability insurance, whether written in that state or not, a provision making the insurer liable directly to the injured party to the extent of the insurance for injuries for which the insured tortfeasor would be liable; that the rights in favor of the injured party created by the statute were substantive and not remedial in nature; that such rights were enforceable in this state; and that (185 Minn. 595, 242 N. W. 330) "the insurer may be joined [in an action in the courts of this state to enforce the liability] by virtue, not of Wisconsin procedure but of the nature of the substantive liability created by the tenor of the insurance policy as provided by the law of that state." Here, the policy sued on differs from the one in the Kertson case, in that it contains a no-action clause, while the one there involved did not. The question then is: What effect does the no-action clause have under the law of Wisconsin? If it is the law of Wisconsin that § 85.93, where the policy contains a no-action clause, does not impose upon the insurer liability directly to the injured party in such cases unless he first recovers a judgment against the insured establishing the latter's liability, and that § 260.11(1) is a purely procedural statute relating to joinder of parties, then this action cannot be maintained.

Decisions of the supreme court of Wisconsin have determined that § 85.93 relates to substantive rights and that § 260.11(1) relates to the matter of procedure. While § 85.93 in its original form provided that the insurer in cases of this kind should be liable

directly to the injured party where the insured would be, it was held that where the policy contained a no-action clause the insurer was not liable directly to a party injured by the insured's negligence unless he had first recovered a judgment against the insured establishing his liability. Morgan v. Hunt, 196 Wis. 298, 220 N. W. 224. After the decision in the Morgan case, § 85.93 was amended to read as it now does, by providing that the insurer shall be directly liable to the injured party *"irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured."* (Italics supplied.) After the amendment, the question came before the court again in Bergstein v. Popkin, 202 Wis. 625, 233 N. W. 572, a case involving a no-action clause, and the court held that notwithstanding the amendment an insurer under a policy containing a no-action clause was not liable directly to an injured party for the negligence of its insured where plaintiff had not recovered a judgment against the insured establishing his liability. The court held that § 85.93 relates solely to the *substantive* rights of the injured person against the insurer and not to those of a *remedial* nature, such as the joinder of the insurer as a party defendant in an action to enforce liability under that section, and it settled the construction of § 85.93 as it now reads to be that an insurer in cases of this kind is directly liable to a person injured for the negligence of its insured, but where the policy contains a no-action clause no action lies against the insurer until after plaintiff shall have recovered a judgment against the insured establishing his liability. The court suggested that if the legislature intended to permit direct suit by the injured party against the insurer where the policy contains a no-action clause such intention should be manifested by an appropriate provision authorizing the joinder of the insurer as a party defendant.

After the decision in the Bergstein case, the Wisconsin legislature in dealing with the problem there presented, accepting the court's views that § 85.93 related to matters of substantive right and that the matter of joinder of the insurer in such cases related to

matters of remedy and procedure, and following the court's suggestion mentioned, turned its attention from matters of substantive right to those of remedy and procedure, and, instead of again amending § 85.93 so as to impose greater substantive liability, amended § 260.11(1) by adding the last sentence of that section in its present form, thereby authorizing the joinder of the insurer as a defendant in such cases. The legislative process sheds light on the legislative intent. It shows that in legislating with respect to the matter the legislature drew a distinction between matters of substance and those of procedure; and that, observing the distinction, the legislature by the provisions of § 85.93 and the amendments thereof treated matters relating to direct liability of an insurer to a person injured for the negligence of the insured as a matter of substantive right and in effect declared that the right was a contractual one, and by the provisions of the amendment of § 260.11(1) it treated the matter of joinder of the insurer as a mere matter of procedure and not of substance or contractual right. Thus, it seems clear that the legislature did not intend by the amendment of § 260.11(1) to enlarge an injured party's substantive rights, but rather to provide a procedural one to join the insurer as a party defendant notwithstanding policy provisions to the contrary and thereby to circumvent any no-action clause. With the no-action clause out of the way, the plaintiff could hold the insurer under § 85.93 directly liable for its insured's negligence without first recovering a judgment against him. After the adoption of the amendment of § 260.11(1), the question as to whether an automobile liability insurer under a policy containing a no-action clause issued in the state of Wisconsin was liable directly to a party injured by the negligence of the insured, where the plaintiff had not recovered a judgment establishing the insured's liability, came before the court for decision in the cases of Lang v. Baumann, 213 Wis. 258, 251 N. W. 461, and Oertel v. Williams, 214 Wis. 68, 251 N. W. 465. In the Lang case, the court said that the legislature intended to change the rule laid down in the Morgan and Bergstein cases by providing for the *joinder* of the insurer in such

actions. In the Oertel case, which was decided on the same day as the Lang case, the court said that § 260.11 was (214 Wis. 71, 251 N. W. 466) "a purely procedural statute." The Oertel case must be taken as settling the construction of § 260.11(1) as being a statute relating solely to the procedural matter of the joinder of parties.[9]

A determination by the courts of the state of a statute under which a party claims contractual rights that it relates only to procedure goes directly to the question as to whether the *lex loci contractus* creates substantive rights, because a holding that a statute relates only to procedure is an inferential one that it does not relate to substance. Because the Wisconsin court is the proper one to determine the proper construction of the statutes of that state, we accept as final its decision that § 260.11(1) creates no substantive rights. Certainly, we should not accord to a party greater substantive rights under a foreign statute than the courts of the state of the statute say he has. Perhaps if decision had been the other way and the court had held that, although the statute was couched in procedural language, it created substantive rights, we would for like reasons accept that decision also as final. See, Coster v. Coster, 289 N. Y. 438, 290 N. Y. 662, 46 N. E. (2d) 509, 49 N. E. (2d) 621, 146 A. L. R. 702. But that is a question we do not now decide.

Our conclusion is that whatever substantive rights plaintiff has against defendant arise exclusively under § 85.93. Because that section, as construed by the Wisconsin court, does not make an insurer liable directly to a person injured for the negligence of the insured where the policy contains a no-action clause and the plaintiff has not recovered a judgment establishing the insured's obligation, there is no basis here for predicating a right of recovery in

---

[9]In subsequent cases such as Kujawa v. American Ind. Co. 245 Wis. 361, 14 N. W. (2d) 31, 151 A. L. R. 1133, and Sheehan v. Lewis, 218 Wis. 588, 260 N. W. 633, the insurer was held to be directly liable to the injured person, but no question was raised in these cases, since there was no occasion for doing so, concerning matters of substantive right and procedural remedy.

438

favor of plaintiff against defendant. The provisions of § 260.11(1) of the Wisconsin statutes for the joinder of the insurer as a defendant in cases of this kind are of no avail to plaintiff here, because that statute is a procedural one, whose operation is confined to its own state. Our statutes do not authorize such a joinder. That being true, plaintiff is not entitled to recover. Wells v. American Employers' Ins. Co. (5 Cir.) 132 F. (2d) 316 (affirming 43 F. Supp. 212); McArthur v. Maryland Cas. Co. 184 Miss. 663, 186 So. 305, 120 A. L. R. 846.

The order appealed from should be and it is affirmed.

Affirmed.

[1]Reported in 24 N. W. (2d) 827.