## SCHULTE v. HARTFORD ACCIDENT & INDEMNITY CO.

### Civ. A. No. 3566.

United States District Court
D. Minnesota, Fourth Division.

Sept. 24, 1951.

George X. Connor, of Minneapolis, Minn., for plaintiff.

Wellington Tully, of Minneapolis, Minn. (Strong, Strong & Tully, of Minneapolis, Minn., of counsel), for defendant.

NORDBYE, Chief Judge.

This cause comes before the Court on defendant's motion for a summary judgment and plaintiff's motion for an order striking the special defenses numbered 1, 8, and 9 in defendant's answer.

This is a suit to recover damages for personal injury sustained by plaintiff when his truck and an automobile belonging to Independent School District No. 24, Robbinsdale, Minnesota, collided. One Jeanette Smith was driving the school vehicle in-

volved at the time of the accident in the course of her employment as a school nurse with the School District. Defendant is the insurer of the School District carrying the automobile liability coverage. No determination has been made that the School District is liable for the accident in question. There has been no agreement between the insured and the insurance company that the latter should pay damages caused by the accident. Plaintiff brings this action against the insurance company upon the theory that, as the injured person involved in the accident referred to, he is a third-party donee beneficiary under the contract of insurance in question, and as such can bring the action without joining the insured or its driver.

There are two conditions precedent provisions to any action on the policy, which plaintiff contends have been waived by other provisions in the policy. The contract of insurance provides that, in consideration of the premiums paid, "and subject to the limits of liability, exclusions, conditions and other terms of the policy," the insurer covenants, "I. To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The other pertinent condition precedent is as follows:

"10. No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability."

It will be observed from these provisions that, first, the company agrees to pay on behalf of the insured such sums within the policy coverage that the insured shall become legally obligated to pay as damage, and second, that no action shall be instituted against the company until the legal liability of the insured has been determined, either by judgment after trial or by agreement. It is elementary, of course, that in any proceeding by a third-party donee beneficiary, the latter is subject to the terms and conditions of the contract which he seeks to enforce as such beneficiary. No reformation of the policy is sought. But plaintiff urges that this is no ordinary liability policy and therefore is not subject to the usual interpretation accorded to such a contract. He points out that the School District which owned the vehicle in question and employed the person who operated it, is not liable in tort in the exercise of governmental functions under Minnesota law. Plaintiff relies primarily upon a rider attached to the policy as indicating an absolute waiver of the condition precedent provisions of the policy. The rider reads, "It is agreed, in respect to any claim otherwise covered by the policy, that the Company will not, when so requested by the Insured, in writing, maintain that the Insured is immune from liability therefor by reason of having been engaged in a governmental, eleemosynary or other function, as the case may be, exempting it from liability as a matter of law."

Plaintiff's position is that, in view of the fact that a School District under the Minnesota law is immune from liability for torts, and in that it appears that the School District paid to the company the regular premium rate for the policy paid by non-immune persons and organizations and in that there is an absence of any power under the law in the School District to waive its right to immunity, the parties must have intended, in view of the rider referred to, that the injured person involved in an accident with one of the vehicles covered by the policy could sue the insurance company di-

rect before liability of the insured is determined. Otherwise, it is argued that the waiver of immunity provision in the rider is meaningless because, without the right to sue the company direct, an action against the School District would be a fruitless proceeding, resulting in a freedom of any liability by the insurance company and wholly incompatible with the theory upon which it required premiums on the policy from the insured. In other words, it is plaintiff's contention that, under the law, there is no way a final judgment after trial can be obtained against the School District, and therefore the only way that the legal liability of the School District can be established is by suing the insurance company direct. And it is argued that such procedure would not subject the company to any greater liability under such a policy than it would assume to a non-immune insured which, according to the plaintiff, must have been the intention of the parties.

Reliance is placed upon Section 125.065, subd. 6, M.S.A. which reads, "The school board of any district of this state may provide for the protection of school children in the district being transported for all school purposes or activities in district owned, operated, leased, or controlled motor vehicles, against injuries or damages arising out of the operation thereof. If the school board deems it advisable, insurance may be procured and paid for from any funds available. Any insurance contract covering such risk shall contain, as a condition precedent, a clause or provision expressly waiving the defense, by the insurer, that the school district is engaged in a governmental function. The payment of any insurance premiums by such school district shall not hereby make the school district liable for any injuries or damages incurred by such transportation."

It is urged further that any variance between the rider of the policy which provides that immunity of the insured will be waived at the request of the insured and the statute which provides that the policy contain a waiver of immunity, is immaterial because the mandatory language of the statute must control.

The fallacy of plaintiff's position is that he has not taken into consideration all of the applicable provisions of the policy and other circumstances which are conceded in this motion, and relies on a Minnesota statute which by its very terms cannot be applicable to the insurance coverage of the vehicle in question. Section 125.065 by its terms covers the right of a School District to purchase buses and contains several provisions regarding the use of buses by the School District. Subdivision 6 of that section clearly is limited to the right of School Districts to purchase insurance for the protection of school children being transported for school purposes or other school activities in the buses which may be purchased. The authorization to use school funds for insurance premiums under this statute is limited to that express liability. At the time plaintiff was driving his truck when it collided with the school vehicle, no school children were being transported. No school bus is involved. The school vehicle was a nurse's car and driven by a school nurse, and although the insurance policy does include school buses among the several school vehicles covered, it is evident that any insurance coverage for the accident in question cannot be based upon Section 125.-065.

In determining the statutory authority for this insurance coverage, therefore, reference should be made to Section 471.42 of the M.St.A., which authorizes the procurement of insurance coverage by certain School Districts as to its employees while they are operating motor vehicles in the performance of school duties. This policy specifically covers an employee in the course of his employment as an insured. If the policy in question was procured under both statutory Sections 125.065 and 471.42, in that the policy covers several vehicles, including school buses, and the vehicle involved in this accident being a nurse's car, as to which coverage is specifically mentioned in the policy, Section 471.42 seems applicable. This section, at the time the insurance was procured, read as follows: "All towns, school districts having an assessed valuation of over $2,000,000, and cities, villages, and boroughs in this state

are hereby authorized to carry insurance against liability of employees of any departments thereof by reason of claims for bodily injuries, death, or property damage made upon any such employee by reason of his operation of a motor vehicle while in the performance of his duties and to defend, in the name and on behalf of such employee, any suit brought against him to enforce a claim, whether groundless or not, arising out of the operation of a motor vehicle by him while in the performance of his duties." And Section 471.43, a related statute, provided, "Such governing body may in its discretion pay the premiums on insurance policies insuring individuals or groups of the employees referred to in section 471.42 against liability for injury to person or property, within the limitations of section 471.42 and such payment of insurance premiums shall in no way impose upon any municipality any liability."

Plaintiff has failed to take into consideration that Sections 471.42 and 471.43 make no reference to waiver of immunity as a condition of a policy procured thereunder. Moreover, he fails to note that the policy in question covers employees driving school vehicles in the course of their activities under the definition of "Insured". This appears by Section III of the policy, which reads, in part, "Definition of Insured. With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'Insured' includes the Named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission."

It is recognized by both counsel that the driver of the school vehicle at the time of the accident was driving the automobile in connection with her school duties and is available for personal service in this county, and obviously, if sued, she cannot claim immunity. Premiums paid for the insurance protection covering the use of this vehicle on our streets and highways, therefore, give the public to all intent and purposes as full protection as if the School District was not immune from tort liability.

Consequently, the insurance company by reason of the School District's immunity does not become free from its entire contract obligation for which premiums were paid. Here, therefore, we have no fraud on the public, which plaintiff urges would be the situation if the School District was the only insured and if the insurance company was permitted to escape the obligation of coverage for this accident for which the premiums were paid. There is, therefore, as to this insurance coverage, an absence of any facts or circumstances which would justify a finding that there was an intent to waive the conditions precedent to a suit directly against the defendant.

In view of the foregoing, it does not seem necessary to interpret the effect of the rider or to determine whether the theory of waiver as advanced by plaintiff would be sound if Section 125.065(6) applied to the insurance coverage and if the School District was the sole insured. There is no statutory authority for such a suit, and the Minnesota Supreme Court has not ruled directly upon this question, but see Anderson v. State Farm Mutual Automobile Ins. Co., 222 Minn. 428, 24 N.W.2d 836. The authorities in other jurisdictions do not sustain plaintiff's position as advanced herein. Ayers v. Hartford Accident & Indemnity Co., 5 Cir., 106 F.2d 958; Pohlard v. City of Sheboygan, 251 Wis. 20, 27 N.W.2d 736; Taylor v. Knox County Board, 292 Ky. 767, 167 S.W.2d 700, 145 A.L.R. 1333; Hughes v. Hartford Accident & Indemnity Co., 223 Ala. 59, 134 So. 461; Utz v. Board of Education, 126 W.Va. 823, 30 S.E.2d 342; Ford v. Glens Falls Indemnity Co., D.C., 80 F. Supp. 347. But see 33 Minn.Law Review 634. In any event, any intention of the parties to create a contract which would permit a third person to sue the company direct as a third-party beneficiary before the conditions precedent of the policy have been fulfilled, is as to the coverage of the vehicle in question entirely lacking under the factual situation presented. There is, therefore, no material issue of fact to be tried. There is as a matter of law no direct liability on the part of the defendant to this plaintiff so far as this accident is concerned.

It follows, therefore, that plaintiff's motion to strike defenses Nos. 1, 8, and 9 of defendant's answer which raise the same issues as defendant's motion, be denied, and defendant's motion for a summary judgment in its favor be granted. It is so ordered. Let judgment be entered accordingly.

An exception is allowed.