Jeannette M. PURCELL, and Dennis Purcell, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Third-Party Defendant.

Civ. No. 3-63-287.

United States District Court D. Minnesota, Third Division.

May 3, 1965.

Miles W. Lord, U. S. Atty., Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for defendant and third-party plaintiff.

Ralph T. Lilly, St. Paul, Minn., for third-party defendant.

DONOVAN, District Judge.

This action arises out of an auto accident in which an auto owned by plaintiff Dennis Purcell and driven by plaintiff Jeannette Purcell collided with an auto owned and operated by one Henry C. Peterson. Peterson is a postman and was in the course of his employment at the time of said accident. Plaintiffs commenced this action against the United States as is their right under the law.[1] Third-party defendant is the insurance carrier for Peterson. The government claims that if it is held liable for injuries to plaintiffs, then it is entitled to indemnity from third-party defendant.

American Family Mutual moves to dismiss the third-party complaint because the United States is not a person or organization covered in the policy and because of a "no action" clause in the insurance policy.

On the issue of coverage, this case is similar to the Irvin case.[2] There the court denied the motion to dismiss on the ground that the United States was a person or organization covered by the policy. The wording of the policy in that case is almost identical to the wording of the policy in the present case.

The "no action" clause has been held to be in conflict with Rule 14(a) of the Federal Rules of Civil Procedure.[3]

Cases cited by third-party defendant are distinguishable on the facts in that in the present case the United States brings the third-party action against the insurer as an insured under the terms of a valid policy of insurance.[4]

For the above reasons the motion to dismiss the third-party complaint is denied.

It is so ordered.

---

1. 28 U.S.C. § 2674.

2. Irvin v. United States, D.C.S.D.S.D., 148 F.Supp. 25; see also: Nistendirk v. McGee, D.C.W.D.Mo., 225 F.Supp. 883.

3. Vaughn v. United States, D.C.W.D. Tenn., 225 F.Supp. 890; Jordan v. Stephens, D.C.W.D.Mo., 7 F.R.D. 140

4. United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898; Koss v. Hartford Accident and Indemnity Co., 7 Cir., 341 F.2d 472; Schulte v. Hartford Accident & Indemnity Co., D.C.Minn., 102 F.Supp. 681; Anderson v. State Farm Mutual Auto. Ins. Co., 222 Minn. 428, 24 N.W.2d 836.