**Cynthia C. MECH, Appellant, Respondent,**

v.

**GENERAL CASUALTY COMPANY OF WISCONSIN, Respondent, Appellant,**

**Larry M. Schmidthuber, et al., Respondents.**

Nos. C9–86–1337, C6–86–1490.

Supreme Court of Minnesota.

Aug. 7, 1987.

Joseph T. Dixon, Jr., Minneapolis, for Cynthia C. Mech.

Mark A. Gwin, Minneapolis, for General Cas. Co. of Wisconsin.

John C. Childs, Thomas C. Mielenhausen, Minneapolis, for Larry M. Schmidthuber.

WAHL, Justice.

Cynthia Mech brought suit in Hennepin County District Court against General Casualty Company of Wisconsin (General Casualty) for damages for injuries suffered in an automobile accident in Wisconsin, and against Larry M. Schmidthuber and his law firm for attorney malpractice in allowing the Wisconsin statute of limitations to run before the suit was properly commenced. The trial court denied a motion for summary judgment by General Casualty and granted a motion for summary judgment by Schmidthuber. Case number C9–86–1337 is an appeal by Mech from this judgment. Case number C6–86–1490 is an appeal by General Casualty from an order in which the trial court certified the legal question involved in the cross-motions for summary judgment: "Does the insurance policy which is at issue herein bar a direct action against General Casualty Company of Wisconsin by plaintiff in Minnesota?" The court of appeals certified the question to this court where the appeals were consolidated. We reverse both decisions on summary judgment and answer the certified question in the affirmative.

On November 21, 1979, Cynthia Mech, a Minnesota resident, was injured in an automobile collision in Wisconsin. Mary Borowski, the driver of the other car, a resident of Wisconsin, was insured under her father's insurance policy with General Casualty Company of Wisconsin, a Wisconsin corporation licensed since 1937 to do business in Minnesota.

Mech retained attorney Larry M. Schmidthuber in 1981 to represent her in recovering damages for her injuries. On October 14, 1982, after attempts at settlement, Schmidthuber brought suit in Wisconsin by serving a Summons and Complaint on the driver and General Casualty, and on October 27, 1982, filed the Summons and Complaint with the Wisconsin court. On December 29, 1982, after Wisconsin's three-year statute of limitations had run, General Casualty moved for dismissal due to insufficient service of process, on the ground that no service had been made after the Summons and Complaint were filed with the court, as required by Wisconsin law. On February 18, 1983, the motion was granted.

Mech then brought this action in Minnesota against Schmidthuber, alleging legal malpractice. Schmidthuber denied liability on the ground that Mech could properly proceed directly against General Casualty because Minnesota's six-year statute of limitations had not yet run. Mech thereupon joined General Casualty as a defendant. General Casualty answered, asserting that the terms of the insurance policy prohibited Mech from maintaining a direct action against General Casualty in Minnesota. Schmidthuber and General Casualty moved for summary judgment. The parties agreed that summary judgment for either, but not both, was in order. The court granted Schmidthuber's motion and denied that of General Casualty. These appeals, which turn upon our answer to the certified question, followed.

Does the insurance policy which is at issue herein bar a direct action against General Casualty Company of Wisconsin by plaintiff in Minnesota? [1]

The General Casualty insurance policy covering the Borowski automobile included a "no action" provision, which provided that the insurance company could not be sued directly unless the amount of the insured person's liability had already been determined. This provision, in specific detail, read:

Action Against Company—Part I: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, *nor shall an action lie under the Liability Coverage until the amount of the insured's obligation to pay shall have been finally determined* either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. *No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative.* Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

(Emphasis added.)

Another provision in the policy, applicable to policies issued in Wisconsin where the injury also occurred in Wisconsin, superseded and essentially eliminated the no-direct-action provision, for suits brought in Wisconsin:

Wisconsin—If this policy is issued in the State of Wisconsin, it is agreed that

\*     \*     \*     \*     \*     \*

---

1. We assume at the outset that General Casualty, which has been licensed to do business in Minnesota since 1937, would be subject to the jurisdiction of our courts if found a proper party defendant. *See Davis v. Furlong,* 328 N.W.2d 150, 151 (Minn.1983).

3. With respect only to such insurance as is afforded by the policy for bodily injury liability or property damage liability arising out of the ownership, maintenance or use of motor vehicles, *if an action* for bodily injury or property damage occurring in the State of Wisconsin *is brought in Wisconsin*, the first two paragraphs of the Condition entitled "Action Against Company" are amended to read:

Part I: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance by the insured with all of the terms of this policy.

Any person or organization or legal representative thereof who has secured a judgment against the insured shall be entitled to recover under this policy to the extent of the insurance afforded by this policy. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

(Emphasis added.)

■ It is the position of General Casualty that the Wisconsin provision merely amends the no-action clause set out above so as to conform to Wisconsin law in lawsuits arising from Wisconsin accidents that are brought in Wisconsin against its insureds. Wisconsin has enacted two statutes, Wis.Stat.Ann. § 632.24 (West 1980) and Wis.Stat.Ann. § 803.04(2) (West 1977), which, when acting in tandem, allow a direct action against a negligent party's insurance company before a judgment against the insured has been obtained.

Wis.Stat. § 632.24 provides for direct liability of insurers:

Any bond or policy of insurance covering liability to others for negligence makes the insurer liable * * * to the persons entitled to recover against the insured * * *, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

Wis.Stat. § 803.04(2)(a) provides for the permissive joinder of an insurer:

In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy * * * is by this section made a proper party defendant in any action brought by plaintiff in this state * * *.

■ In *Anderson v. State Farm Mutual Automobile Insurance Co.*, 222 Minn. 428, 24 N.W.2d 836 (1946), examining earlier versions of the Wisconsin direct liability and direct action statutes, we classified the direct liability statute as substantive, the direct action statute as procedural as had the Supreme Court of Wisconsin. *See Davis v. Furlong*, 328 N.W.2d 150, 152 (Minn.1983). In *Davis* we held that when conflicts of procedure arise between states, the law of the forum (lex fori) will be applied. *Id.* at 153. Minnesota law provides for no direct cause of action by an injured party against a negligent party's insurer prior to recovery of judgment against the insured, *id.* at 152. Since Wis. Stat. § 803.04(2) is a procedural rule for joinder of parties, under *Davis* it is inapplicable in a Minnesota court where the law of the forum does not permit a direct action against General Casualty.

■ Schmidthuber argues that § 803.-04(2) is not at issue and that § 632.24 provides a substantive right of direct action. He cites *Myers v. Gov't Employees Ins. Co.*, 302 Minn. 359, 225 N.W.2d 238 (1974), in which a Louisiana statute provided the basis for a direct action by a plaintiff in Minnesota against an insurance company for an accident in Louisiana. We note that the Louisiana statute was considered by the Louisiana Supreme Court and by the *Myers* trial court to be substantive. *Id.* at 363–64, 225 N.W.2d at 241. Furthermore, we recognized in *Davis* that when only section 632.24, the direct liability statute, is applicable and not section 803.04(2), the direct action statute, Wisconsin law will give effect to a no-action clause in a policy, and judgment must be entered against the insured before a direct action can be brought. *Davis*, 328 N.W.2d at 152; *Frye v. Angst*, 28 Wis.2d 575, 137 N.W.2d 430 (1965). Minnesota courts can apply section 632.24 because it is a substantive statute,

but if this choice of law is made, they must apply it as Wisconsin applies it. Minnesota has no comparable statute and under the facts of this case, Wisconsin law would give effect to the no-action clause in the General Casualty policy.

Schmidthuber also argues, citing *Tennessee Coal, Iron & R.R. Co. v. George*, 233 U.S. 354, 360, 34 S.Ct. 587, 589, 58 L.Ed. 997 (1914), that a state legislature cannot create a cause of action and then limit the action to its own courts. Wisconsin, however, is making no such limitation. The Wisconsin substantive statute, section 632.-24, does not require a direct action to be brought in Wisconsin. The Wisconsin procedural statute, section 803.04(2) is merely prescribing procedures for Wisconsin's courts. And it is Minnesota that is choosing not to apply a Wisconsin procedural statute and not to have a comparable statute of its own. Therefore, there is no issue here of one state limiting a cause of action to its own courts or of dictating what another state may do.

▇▇▇▇ Schmidthuber's argument that the no-action clause in the General Casualty policy is ineffective and is superceded by the special Wisconsin provision is not persuasive. He argues that the "brought in Wisconsin" language of the Wisconsin provision is an unenforceable forum-selection device and that the rest of the Wisconsin provision, without the limiting phrase, is effective and replaces the no-action clause. We do not agree. Even if the "action * * brought in Wisconsin" language were a forum selection device, forum selection provisions are enforceable in Minnesota if they are not unreasonable. *Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc.*, 320 N.W.2d 886, 889–90 (Minn.1982). And considering the *Hauenstein* factors we would not find Schmidthuber to have borne the burden of proving unreasonableness. The Wisconsin provision deleting the no-action clause applies only to suits brought in Wisconsin, and the no-action clause remains intact.

We hold that the insurance policy herein and the proper application of Minnesota and Wisconsin law bar a direct action against the insurer by the plaintiff in Minnesota. We reverse the trial court's denial of summary judgment to General Casualty and the trial court's grant of summary judgment to Schmidthuber.

Certified question answered in the affirmative.

Case number C9–86–1337 reversed.

Case number C6–86–1490 reversed.