Linda **BOUCHARD** and Joseph Bouchard, Plaintiffs,

v.

Scott **KING**, Bruce King, Mark Thompson, Thompson Rental, Inc., a domestic company, and State Farm Mutual Automobile Insurance Company, a foreign company, Defendants.

Civ. No. 5–94–29.

United States District Court, D. Minnesota, Fifth Division.

Nov. 28, 1994.

Michael T. Tierney, Hutchinson & Marquard, Duluth, MN, for plaintiffs.

Brian R. McCarthy, Crassweller Magie Andresen Haag & Paciotti, Duluth, MN, for defendants Scott King, Bruce King, Mark

Thompson and State Farm Mut. Auto Ins. Co.

David M. Weiby, Witkin Weiby Maki Durst & Ledin, Superior, WI, for defendant Thompson Rental, Inc.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by Title 28 U.S.C. § 636(b)(1)(C), upon an informal Motion by the Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), to be dismissed as a named party-Defendant.[1]

The Motion has been submitted on letter briefs, with the Plaintiffs appearing by Michael T. Tierney, Esq.; the Defendant Thompson Rental, Inc., by David M. Weiby, Esq.; and the Defendants Scott King, Bruce King, Mark Thompson, and State Farm, by Brian R. McCarthy, Esq.

For reasons which follow, we grant State Farm's Motion to be dismissed, without prejudice, as a party-Defendant.[2]

### II. *Factual and Procedural Background*

This action arises from a two-car accident that occurred in Duluth, Minnesota, on August 14, 1993. The Plaintiffs are both Minnesota residents, while the Defendants King are residents of the State of Wisconsin. At the time of the accident, the Defendant Scott King was in the course and scope of his employment with Thompson Rental, Inc., which is a Wisconsin corporation, and he was driving a vehicle that was owned by the Defendant Mark Thompson, who is also a Wisconsin resident. State Farm is the liability insurer for the Defendants King, and the Defendant Mark Thompson, and it is a business entity that was incorporated under the laws of Illinois.

Originally, the Plaintiffs commenced this action in the State Circuit Court in Douglas County, Wisconsin. Consistent with the statutory law of Wisconsin, the Plaintiffs named State Farm as a party-Defendant, since Wisconsin permits a direct action to be commenced against a liability insurer. See, Wisconsin Statutes Sections 632.24[3] and 803.04(2). The Defendants then removed the action, on diversity grounds, to the United States District Court for the Western District of Wisconsin. At the initial Pretrial Conference before the District Court, the parties stipulated to a change of venue, pursuant to Title 28 U.S.C. § 1404(a),[4] and the suit was transferred to this Court.

1. Initially, State Farm also moved the Court to dismiss the Plaintiffs' action against the Defendant Bruce King, who was joined as a Defendant as a result of the provisions of Wisconsin Statutes Section 343.15. Under that Section, a person, who is under the age of 18 and who applies for a drivers' license, is obligated to obtain the sponsorship of an adult, who agrees to be financially responsible for any damages that the sponsored party should cause in the operation of a motor vehicle. Here, Bruce King vouched for his son during the drivers licensing process.

   We understand, however, that a stipulation of the parties has resolved this issue, at least insofar as it relates—purely as a matter to pleading—to the propriety of naming Bruce King as a Defendant and, therefore, we do not address that issue further.

2. Lest there be any doubt to the contrary, we expressly note that State Farm's obligation to indemnify its insureds is not at issue here. Accordingly, none of the parties has suggested, or advanced a factual or legal basis to contend, that State Farm is entitled to a dismissal, as a matter of law, or is otherwise entitled to Summary Judg-

ment. Although we are obligated to examine the full implications which arise from the Plaintiffs' joinder of State Farm as a named-Defendant, the apparent motivation for State Farm's Motion is its interest in insulating any Jury, which may be called to hear this matter, from any direct evidence as to the liability insurance that certain of the Defendants have secured. See generally, *Rule 411, Federal Rules of Evidence;* 4 *Minnesota Practice, Jury Instruction Guides,* JIG 7; *Lines v. Ryan,* 272 N.W.2d 896, 901 n. 5 (Minn.1978), citing *Collins v. Bridgland,* 296 Minn. 93, 206 N.W.2d 652 (1973).

3. Although not addressed by the parties in their written submissions to this Court, we are obligated to consider the implications of Section 632.24, which allows a direct action against a liability insurer in the State Courts of Wisconsin.

4. Section 1404(a) provides:

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

During the initial Pretrial Conference before this Court, counsel for State Farm, as joined by counsel for the remaining Defendants, questioned the propriety of the Plaintiff's joinder, in an action pending in the State of Minnesota, of the liability insurer of certain of the Defendants. Relying upon the statutory laws of Wisconsin, the Plaintiffs resist the Defendants' Motion to Dismiss State Farm as a party-Defendant.

### III. *Discussion*

Our analysis of the issues before us is made somewhat more complicated by the fact that the Wisconsin Legislature has enacted two statutes which, when construed in tandem, permit a direct action to be pled against liability insurers for the negligence of their insureds. *Mech v. General Cas. Co. of Wisconsin*, 410 N.W.2d 317, 320 (Minn.1987). One of these enactments, Wisconsin Statutes Section 803.04(2)(a) [5] allows for the permissive joinder of an insurer, in an action based upon the assertedly negligent acts of its insured and, as such, the statute has been classified as procedural in character. *Davis v. Furlong*, 328 N.W.2d 150, 152 (Minn.1983), citing *Anderson v. State Farm Mutual Automobile Insurance Co.*, 222 Minn. 428, 24 N.W.2d 836 (1945); *Oertel v. Williams*, 214 Wis. 68, 251 N.W. 465 (1934). The other enactment, Wisconsin Statutes Section 632.24,[6] makes the insurer directly liable for the negligent acts of its insureds and, as such, has been categorized as substantive in nature. *Mech v. General Cas. Co. of Wisconsin*, supra at 320; *Davis v. Furlong*, supra at 152. Given the differing nature of the statutes at issue, our analysis is bifurcated.

**A.** *Wisconsin Statutes Section 803.04(2)(a).* Of course, as a procedural measure, the Federal Courts, which are, as here, considering non-Federal questions that arise in the context of a diversity action, will apply the Federal Rules of Civil Procedure. See, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1983–85, 64 L.Ed.2d 659 (1980); *Hanna v. Plumer*, 380 U.S. 460, 469–71, 85 S.Ct. 1136, 1142–44, 14 L.Ed.2d 8 (1965); *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 352 (8th Cir.1988); *Gobuty v. Kavanagh*, 795 F.Supp. 281, 289 (D.Minn.1992). As a matter of pure pleading, the Federal Courts of this District do not permit the joinder of insurers, in actions against their insureds, and neither do the Courts of the State of Minnesota. See, *Mech v. General Cas. Co. of Wisconsin*, supra at 320; *Davis v. Furlong*, supra at 153. As a general proposition, we need not accede to the laws of a foreign jurisdiction on issues of pleading, practice and procedure. See, generally, *5 Wright and Miller, Federal Practice and Procedure § 1204 at p. 82 (1990)*, and cases cited therein. Accordingly, we find no basis, in the procedural provisions of Section 803.04(2), to permit State Farm to be named as a party-Defendant in an action venued in the Federal Courts of Minnesota. See, *Wheeler v. Harvey*, 1985 WL 2476 *2 (D.Minn.1985).[7] We, therefore, turn our analysis to Wisconsin's substantive enactment.

**B.** *Wisconsin Statutes Section 632.24.* At the outset, we ascribe to the view that, prior to becoming enmeshed in the "messy issues of conflicts of laws," the Court should satisfy itself that there is a difference between the relevant laws of the different

---

**5.** In pertinent part, Section 803.04(2)(a) provides:

> In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties * * * is by this section made a proper party defendant in any action brought by the plaintiff in this state * * *.

**6.** As here relevant, Section 632.24 provides as follows:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable * * * to the persons entitled to recover against the insured * * *, irrespective of

whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

**7.** The parties have not furnished the Court with a copy of State Farm's insurance policy, which is at issue here, and, therefore, we are not confronted with the "no action clause" issues which have been faced by other Minnesota Courts which have reviewed somewhat paralleling contentions. See, e.g., *Wheeler v. Harvey*, 1985 WL 2476 (D.Minn.1985); *Mech v. General Cas. Co. of Wisconsin*, 410 N.W.2d 317 (Minn.1987); *Davis v. Furlong*, 328 N.W.2d 150 (Minn.1983).

states. See, *Jean v. Dugan*, 20 F.3d 255, 260 (7th Cir.1994), citing *Barron v. Ford Motor Co. of Canada, Ltd.*, 965 F.2d 195, 197 (7th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 605, 121 L.Ed.2d 541 (1992); see also, *United States Fire Insurance Co. v. Goodyear Tire and Rubber Co.*, 920 F.2d 487, 490 (8th Cir.1991). Necessarily, such an appraisal is driven by an "outcome determinative" analysis. *American States Ins. Co. v. Mankato Iron & Metal, Inc.*, 848 F.Supp. 1436, 1443 (D.Minn.1993); *H Enterprises Intern., Inc. v. General Elec. Capital Corp.*, 833 F.Supp. 1405, 1414, 1420 (D.Minn.1993), citing *Cargill Inc. v. Products Supply Co.*, 627 F.Supp. 1492, 1495 (D.Minn.1986); *Carlock v. Pillsbury Co.*, 719 F.Supp. 791, ·826–27 (D.Minn.1989), citing *Surgidev Corp. v. Eye Technology, Inc.*, 648 F.Supp. 661, 679–80 (D.Minn.1986), aff'd, 828 F.2d 452 (8th Cir. 1987). If the difference in the State laws would not affect the ultimate rights of the parties, then a conflict in the laws is not presented. *Id.*

In this respect, the law of Minnesota has long held that "an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter." *Miller v. Market Mens Mutual Insurance Co.*, 262 Minn. 509, 115 N.W.2d 266, 268 (Minn.1962); see also, *Drake v. Ryan*, 514 N.W.2d 785, 789 (Minn. 1994) (judgment must be obtained against the insured to reach the insurer because Minnesota does not have a direct action statute); *Anderson v. St. Paul Fire & Marine Inc.*, 414 N.W.2d 575, 576 (Minn.App.1987); *Davis v. Furlong*, supra at 152. Nevertheless, there can be no legitimate doubt as to State Farm's obligation to indemnify its insureds for any judgment that the Plaintiffs should secure against them. As a consequence, we can perceive little, in the way of a practical difference, between permitting a direct action lawsuit against an insurer, as it is allowed in Wisconsin, and requiring the injured party to first secure a Judgment against the insured before proceeding against that insured's liability insurer—particularly when the collection proceeding against the insurer is rarely an eventuality.

In this case, neither party has identified any outcome determinative conflicts between the laws of Minnesota and those of Wisconsin and, therefore, the laws of the forum State—Minnesota—should be applied. *Ziolkowski v. Caterpillar, Inc.*, 800 F.Supp. 767, 778 (E.D.Wis.1992), aff'd 996 F.2d 1220 (7th Cir. 1993). While, arguably, our analysis should properly end at this juncture, with a deployment of Minnesota's preclusion against direct action insurance claims, we proceed with a consideration of the choice of the laws issue—primarily in the interests of completeness.

■ Under firmly established precedent, when an action is transferred, pursuant to Title 28 U.S.C. § 1404(a), the transferee Court will apply the conflicts of law provisions of the State in which the transferor Court was located. *Ferens v. John Deere Co.*, 494 U.S. 516, 523, 110 S.Ct. 1274, 1279–80, 108 L.Ed.2d 443 (1990). Accordingly, we apply the conflicts law of the State of Wisconsin, which was the locus of the transferring Court, in order to assure that the transfer, which was effectuated under Section 1404(a), will produce no more than "a change of courtrooms." In this respect, Wisconsin conflict of law principles require a Wisconsin Court—and, therefore, this Court under *Ferens*—to defer to the interests of a State that has a substantial concern with the litigation, at least when Wisconsin's concern is minimal.[8] See, *Spearing v. National Iron Co.*, 770 F.2d 87, 90 (7th Cir.1985), citing *Hunker v. Royal Indemnity Co.*, 57 Wis.2d 588, 204 N.W.2d 897, 903–04 (1973).

■■ We are satisfied, given the circumstances of this case, that a Wisconsin Court would apply the substantive law of the State

---

8. We recognize that, under the laws of Wisconsin, the insurer is regarded as a real party in interest, and the insured is regarded as a nominal party. See, *Kirchen v. Orth*, 390 F.Supp. 313, 318–19 (E.D.Wis.1975). Our research has failed to disclose any Wisconsin authority, which specifically addresses the choice of law principles which a Wisconsin Court must apply in ascertaining the real parties in interest, under Rule 17(a), Federal Rules of Civil Procedure, and the parties have not drawn any to our attention. Therefore, we apply the general conflicts of law principles to which the Wisconsin Courts adhere.

of Minnesota.[9] Indeed, the application of Wisconsin's direct action Statute, as a matter of substantive law, would make no more sense to us than the application of Wisconsin's "rules of the road." The accident in question occurred in the State of Minnesota, the Plaintiffs are residents of the State of Minnesota, and State Farm is not the Plaintiff's insurer and, in fact, finds its nexus to the Plaintiffs solely through a fortuity which, by happenstance, occurred in the State of Minnesota. Under these circumstances, we find the interests of the State of Wisconsin to be so inappreciable,[10] and those of Minnesota to be so paramount, that the resort to Minnesota's substantive law, in order to resolve the "real party in interest" issues, would be unavoidable without regard to the locus of the reviewing Court. Accordingly, in applying the law of the State of Minnesota, the Plaintiffs do not have a direct cause of action against State Farm and, therefore, we grant State Farm's Motion to Dismiss, but without prejudice.

NOW, THEREFORE, It is—

ORDERED:

That the Defendant's Motion to dismiss the Defendant State Farm Insurance Company is GRANTED, without prejudice, and, hereinafter, the Defendant State Farm Insurance Company shall be removed from the caption of this case.

---

9. Whether the Wisconsin Court would allow the joinder of State Farm, as an expression of the procedural law of that State, is unimportant to our analysis here, for we have already concluded that we need not accede to the procedural Rules of a foreign State when our jurisdiction is premised upon diversity grounds.

10. Undoubtedly, Wisconsin has an interest in assuring that its citizens, who may be defendants in an action, are joined by their insurers so as to eliminate the potential of having to compel the insurer's indemnification but, given the practical realities, this potential is so remote as to be inconsequential. As a result, we do not find an evident showing of Wisconsin interests such as would militate in favor of the application of Wisconsin's substantive law. Cf., *Koepp v. Northwest Freight Lines,* 10 F.R.D. 524, 526 (D.Minn.1950).