Rose vs. Kimberly & Clark Co.

---

Rose, Receiver, Respondent, vs. KIMBERLY & CLARK COM-
PANY, Appellant.

| 89 | 545 |
| s27 LRA | 556 |
| 57 LRA 374n | |

*January 15 — March 5, 1895.*

*Insurance against fire: Unlicensed foreign company: Contract made outside of the state: Validity: Enforcement.*

A contract insuring property within this state, made outside of the state by a foreign insurance company which has not complied with the requirements of secs. 1915–1919, S. & B. Ann. Stats., is within the prohibition of sec. 1915, providing that no such company "shall directly or indirectly take risks or transact any business of insurance in this state;" and no action on such contract against the insured to recover an assessment can be maintained in the courts of this state. *Seamans v. Knapp-Stout & Co. Company, ante*, p. 171, distinguished.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Reversed.*

Action by the receiver of an insolvent foreign mutual insurance company to recover an assessment made upon policy holders. The Consolidated Mutual Fire Insurance Company was an Illinois corporation, having its principal office at

Chicago, and it never complied with the laws of the state of Wisconsin relating to foreign insurance companies doing business within this state, and consequently had no license to transact such business. In 1890 the defendant made applications to the insurance company for insurance upon its property in Neenah in this state. The applications were sent by mail to the office of the insurance company at Chicago, and there accepted, and the policies mailed to the defendant at Neenah.

The policies contained provisions that the insured assumed a contingent liability equal to three times the annual cash premium, to pay losses and expenses, the same to be paid upon the making of assessments for that purpose by the officers of the company. In December, 1890, the officers of the insurance company made an assessment of twenty per cent. upon the policy holders, upon this contingent liability to pay losses and expenses, and the defendant refused to pay. In April, 1891, the plaintiff was appointed receiver of the insurance company by the proper court at Chicago, and duly qualified, and brings this action as such receiver. It appeared that said assessment was necessary to pay the losses and expenses of the company outstanding.

Upon these facts, which were substantially undisputed, the trial court held that the policies were valid contracts of insurance, and rendered judgment for the plaintiff for the amount of the assessment, and the defendant appealed.

For the appellant there was a brief by *Eaton & Weed*, and oral argument by *H. I. Weed*. They argued, among other things, that the issuing of a policy of insurance is not a transaction of commerce within the clause which declares that Congress shall have power to regulate commerce with foreign nations and among the several states. *Paul v. Virginia*, 8 Wall. 168; *State ex rel. Drake v. Doyle*, 40 Wis. 175; *Doyle v. Cont. Ins. Co.* 94 U. S. 535; *Cincinnati Mut. H. Ass. Co. v. Rosenthal*, 55 Ill. 85. A state has the right

to impose conditions not in conflict with the United States constitution upon a foreign insurance company. *Doyle v. Cont. Ins. Co.* 94 U. S. 535. An action cannot be maintained in this state by a foreign insurance company upon an insurance contract, unless the company has first complied with our laws. *Ætna Ins. Co. v. Harvey*, 11 Wis. 394. A contract in violation of a statute is void, and courts will not aid in enforcing it. *Lemon v. Grosskopf*, 22 Wis. 447; *Brackett v. Hoyt*, 29 N. H. 267; *Buxton v. Hamblen*, 32 Me. 448; *Bancroft v. Dumas*, 21 Vt. 456; *Boutwell v. Foster*, 24 id. 485. "A contract insuring property in this state necessarily involves the doing of business in this state." *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285. Premium notes taken by a foreign insurance company which has not complied with the laws of the state are void. *Cincinnati Mut. H. Ass. Co. v. Rosenthal*, 55 Ill. 85; *Ætna Ins. Co. v. Harvey*, 11 Wis. 394; Wood, Fire Ins. § 494. The legislature may prohibit or permit foreign insurance companies doing business in this state, and if permit is granted may impose such restrictions as it sees fit. *Fire Dept. of Milwaukee v. Helfenstein*, 16 Wis. 142; *Morse v. Home Ins. Co.* 30 id. 496. Contracts contrary to the provisions of any statute cannot be recovered upon. *Melchoir v. McCarty*, 31 Wis. 252; *Ætna Ins. Co. v. Harvey*, 11 Wis. 394. Foreign insurance companies may be excluded entirely or compelled to conform to the laws of the state where they are permitted to do business. Richards, Ins. § 4; *Doyle v. Cont. Ins. Co.* 94 U. S. 535; *Philadelphia F. Asso. v. New York*, 119 U. S. 110. Companies cannot recover under similar circumstances in the state of Illinois. *Pierce v. People*, 106 Ill. 11. Our courts will not enforce a contract coming from another jurisdiction contrary to the policy of our own laws. *Wight v. Rindskopf*, 43 Wis. 344, 364. It makes no difference whether the contract is made within or without the state. *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285; *Pierce v. People*,

106 Ill. 11, 19.   Our statute being aimed solely at the for-
.eign insurance company which takes risks on property in
this state not having a license, and not at the assured, the
·parties are not *in pari delicto*.   Statutes made for the pro-
tection of one class of persons against another are only ap-
plicable to the latter.   *First Nat. Bank v. Plankinton*, 27
Wis. 177, 183.   A contract to do work by a person who is
forbidden to do the work without a license cannot be en-
forced.   *De Wit v. Lander*, 72 Wis. 120.

*M. C. Phillips*, for the respondent, contended, *inter alia*,
that by the law of comity as well as by statute the plaintiff
has the privilege of litigating in this state a liability arising
upon a contract deliberately made by the parties in Illinois,
although it had not complied with a prohibitory statute.
Sec. 2602, R. S.; *Bank of Augusta v. Earle*, 13 Pet. 519;
*Christian v. Am. F. L. M. Co.* 89 Ala. 198; *Texas L.
& M. Co. v. Worsham*, 76 Tex. 556; *Powder River C.
Co. v. Custer Co.* 9 Mont. 145; *Dixon v. Order of Ry. Con-
ductors*, 46 Fed. Rep. 910.   The defendant is estopped from
denying the validity of these policies or its liability to this
assessment, on the ground of this statutory prohibition.
*Canada So. R. Co. v. Gebhard*, 109 U. S. 527; *Lungstrass v.
German Ins. Co.* 57 Mo. 109; *Merchants' Bank v. State Bank*,
10 Wall. 644; *Marine Ins. Co. v. St. L., I. M. & S. R. Co.*
41 Fed. Rep. 643; *White R. L. Co. v. S. W. Imp. Asso.* 55
Ark. 625; *Sherwood v. Alvis*, 83 Ala. 115, 3 Am. St. Rep.
695.   This being an Illinois contract the fact that the com-
pany had not complied with the laws of Wisconsin does not
affect the validity of the contract or note.   *Lamb v. Bowser*,
7 Biss. 315; *S. C.* id. 372; *Marine Ins. Co. v. St. L., I. M. &
S. R. Co.* 41 Fed. Rep. 643; *Clay F. & M. Ins. Co. v. Huron
S. & L. Mfg. Co.* 31 Mich. 346; *Columbia F. Ins. Co. v. Kin-
yon*, 37 N. J. Law, 33; *Hyde v. Goodnow*, 3 N. Y. 266;
*Western v. Genesee Mut. Ins. Co.* 12 id. 258; *Bailey v. Hope
Ins. Co.* 56 Me. 474; May, Ins. § 563; *Huntley v. Merrill*, 32

Barb. 626.   Made in the domicile of the company, they are
not invalid unless expressly so declared by statute.   *Toledo
T. & L. Co. v. Thomas,* 33 W. Va. 566; *Sherwood v. Alvis,*
83 Ala. 115; *American L. & T. Co. v. E. & W. R. Co.* 37
Fed. Rep. 242.   The policy would be valid against the com-
pany, and as a logical sequence it must be binding on defend-
ant.   *Wright v. Lee,* 2 S. Dak. 596; *Ganser v. Firemen's F.
Ins. Co.* 34 Minn. 372; *Dearborn F. Co. v. Augustine,* 5
Wash. 67.

WINSLOW, J.   The insurance contracts in question were
made outside of this state upon property within the state,
by a foreign company which had not complied with the laws
of Wisconsin and was thus debarred from doing business
within the state.   The question arising is not whether these
contracts can be enforced in the courts of Illinois where they
were made.   It might well be that, were this action pend-
ing before an Illinois court, the contracts being Illinois con-
tracts, and there being nothing in the statutes or policy of
that state prohibiting them, they would be held valid and
binding.   Such, in substance, was the ruling of this court
in the case of *Seamans v. Knapp-Stout & Co. Company, ante,*
p. 171, where a contract made in Wisconsin insuring prop-
erty in Missouri by a Wisconsin insurance company which
had no license to transact business in Missouri was upheld.
But it is obvious that that decision does not reach or con-
trol this case.   The question here presented is whether the
courts of this state will enforce a contract plainly and
squarely opposed to the public policy and laws of the state.

Doubtless the general rule of law is that a contract valid
where made is valid everywhere, but this rule is not without
exception.   The provisions of our statutes which prescribe
the conditions upon which alone foreign insurance com-
panies may do business within this state are very stringent
and sweeping.   S. & B. Ann. Stats. secs. 1915–1919.   They

Rose vs. Kimberly & Clark Co.

provide, in substance, that no foreign fire insurance company shall, *directly or indirectly, take risks or transact any business of insurance in this state,* except upon compliance with certain specified requirements.   It is unnecessary to state what these requirements are in detail, but it is sufficient to say that they include, among other things, the filing of verified statements showing investments of capital in certain specified securities and to certain amounts, or, in lieu thereof, a deposit with the state treasurer of a certain amount of United States bonds; also, the payment of certain license fees, and the filing of various documents intended for the benefit and protection of policy holders within the state; and only upon compliance with all these requirements is the commissioner of insurance authorized to issue the license which authorizes the doing of business within this state.   The object of this statute is so plain that it cannot be mistaken.   It is to protect our citizens against irresponsible and worthless foreign companies of the very kind which we have now before us.   The evil to be corrected is not the writing of a policy by an unlicensed company *within this state* alone, but the writing of such a policy *at all.*   Bearing in mind the object of the statute and the evil to be corrected, it is very plain that the object will be largely defeated, and the evil will flourish as before, if it be held that companies without license can establish their agencies just outside of the state line and conduct their business by mail.

Now, it will be observed that the legislature was not content with providing that no unlicensed company should make a contract of insurance *within this state,* but provided that no such company should, *directly or indirectly, take risks or transact any business of insurance in this state.*   The writing of a policy of insurance upon property situated within this state would seem pretty clearly to be, in some degree at least, the transaction of insurance business in this

state, whether the policy be written just within or just with-out the state line.   It was said in *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285, on page 291: "A contract insuring property in this state necessarily involves the doing of business in this state, and hence is subject to the laws of this state."   We regard the remark as entirely correct, and fully as appli-cable to the present case as to the *Stanhilber Case.*   It is not meant by this that the legislation in question has extra-territorial effect, or that it will invalidate a contract made in Illinois, but simply that when that contract is a contract in-suring property within this state it is against the policy of our law and will not be enforced by the courts of Wisconsin, unless the conditions prescribed by our laws have been com-plied with.   In no other way can the manifest purpose and intent of the statute be reached; any different construction would render the law of little effect.

These views necessitate reversal of the judgment.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the defendant in ac-cordance with this opinion.

Authorities as to restrictions on the business of foreign insurance companies are found in a note to *State ex rel. Richards v. Ackerman,* (Ohio) 24 L. R. A. 298.   As to what constitutes doing business within the state by such companies, see, also, note to *Cone E. & C. Co. v. Poole,* (S. C.) 24 L. R. A. 289, 295.— REP.

