RITTERBUSCH, Administratrix, Respondent, vs. SEXMITH and others, Defendants: ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY, Appellant, and three other cases.

*February 9—March 7, 1950.*

508

For the appellant there was a brief by *Dougherty, Arnold & Waters* of Milwaukee, attorneys, and *Hippenmeyer & Callow* of Waukesha of counsel, and oral argument by *Suel O. Arnold* and *Wm. G. Callow.*

For the respondent there was a brief by *Lowry, Hunter & Frame* and *Austin J. Baird,* all of Waukesha, and oral argument by *Richard N. Hunter.*

BROWN, J. All the actions, at this stage of the proceedings, present the same undisputed facts and the same issues and we will speak as though there was a single plaintiff and the defendants were the assured and his insurer. The question involved is accurately stated in respondent's brief as follows:

"Does section 260.11 (1), Wisconsin statutes, relating to joinder of an insurance company as a party defendant in an action for damages caused by the negligent operation of a motor vehicle, control the usual no-action clause in a policy of insurance, issued in Massachusetts, but specifically covering the vehicle of a Wisconsin resident, which vehicle is ordinarily kept in and principally operated within the state of Wisconsin, in an action brought to recover damages for negligent operation of such vehicle in Wisconsin?"

Sec. 260.11 (1), Stats., reads as follows:

". . . In any action for damages caused by the negligent operation, management, or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prose-

cution, defense, or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

We have held this statute to be remedial and a law of the forum. *Pawlowski v. Eskofski* (1932), 209 Wis. 189, 244 N. W. 611; *Oertel v. Fidelity & Casualty Co.* (1934), 214 Wis. 68, 251 N. W. 465; *Byerly v. Thorpe* (1936), 221 Wis. 28, 265 N. W. 76.

The learned trial court held, as a matter of law, that the no-action clause of the policy was ineffective and the insurer was lawfully joined as a defendant, when it decided the same question upon defendant's plea in abatement. It then said: ". . . if a Massachusetts company insures a Wisconsin resident where the car is kept in Wisconsin, then the company is subjecting itself to the Wisconsin statute and waiving the 'no-action' clause, and that is what happened in this case."

The respondent supplemented the theory of waiver, upon which the trial court relied, by an argument that Wisconsin is the place of performance of the contract, and established principles of the law of contracts and conflicts of laws require the contract obligation to be controlled by sec. 260.11 (1), Stats. She says:

"It is the position of the respondents that, although the policy was executed within the state of Massachusetts, which state sustains the validity of a no-action clause, the policy, so far as it pertains to the named-assured Sexmith, was to be performed within the state of Wisconsin and was written with a resident of the state of Wisconsin upon property located within such state. The place of performance of the contract, therefore, so far as it pertained to the named-assured

Sexmith, was the state of Wisconsin, and the laws of the state of Wisconsin control as to all matters connected with the performance of the contract, including the joinder of such company as a party defendant."

and concludes:

"The policy written expressly for the benefit of a Wisconsin resident upon property located and principally used within the state of Wisconsin is controlled by the law of the state of Wisconsin in all matters relating to performance. No question of constitutional rights is involved."

We believe that these quotations fairly state the issue and the principles on which the trial court's order must be sustained if sustained at all. Appellant disputes the assertion that either by waiver or otherwise the contract is subject to the Wisconsin law as prescribed by sec. 260.11 (1), Stats., and submits that the imposition of that statute upon a contract entered into in Massachusetts, where the no-action clause was legal, would violate both the contract and the due-process provisions of the constitution of the United States.

There is no doubt in our minds that the public policy of Wisconsin, as evinced by the statute quoted, requires, at the plaintiff's option, an insurer against liability arising out of an automobile accident to stand openly beside the assured in an action brought to establish and recover damages for such liability. We are concerned here with ascertaining whether such public policy affects the obligation of the insurance contract in question here which was made in another state, conformed to the law of that state, and which contained these provisions:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured or after trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability."

For the purpose of this decision we have treated the contract as though made in Massachusetts directly between the Insurance Company and Sexmith, the assured, disregarding as immaterial to this issue the facts that the contract was actually made between the insurer and Sexmith's employer and that Sexmith was included as an assured by a rider attached to a master policy.

The learned trial court rested its decision to hold the insurer as a defendant upon waiver, saying that it could see no difference between the written waiver which was decisive in *Sheehan v. Lewis* (1935), 218 Wis. 588, 260 N. W. 633, and a waiver by the act of writing a policy for a Wisconsin resident. We are unable to agree. If a policy containing a no-action clause is written in Wisconsin of course the condition repugnant to our statute is void, *Lang v. Baumann* (1933), 213 Wis. 258, 251 N. W. 461, but to say that the same thing automatically applies when the contract is entered into elsewhere gives Wisconsin statutes an extraterritoriality which we consider cannot be sustained. In the *Sheehan Case, supra,* if we had meant the no-action clause of Lewis' Massachusetts liability policy was inoperative by virtue of sec. 260.11 (1), Stats., because Lewis was a Wisconsin resident and his car a Wisconsin car it would have been easy to say so. Instead of that we held that it was the specific provision subordinating the policy to Wisconsin statutory law, including sec. 260.11, which nullified the no-action clause. There is no such written waiver here, and the policy must be held to set forth the contract unless, as respondent contends, Wisconsin is the place specified by the contract as the place of

performance and the joinder of the insurer is a part of performance and as such is to be controlled by Wisconsin law.

Automobile liability policies differ from policies insuring real estate against loss or damage by casualty and from contracts such as that in *Shores L: Co. v. Stitt* (1899), 102 Wis. 450, 78 N. W. 562, where the obligation was to cut timber in Bayfield county, Wisconsin, and the question was whether the cutting should correspond to the law of Wisconsin or that of Michigan. In such cases the place of performance is known and agreed upon, while few things could be less certain than the place where the assured might require performance of the promises contained in an automobile liability policy covering him everywhere in the United States and Canada. When we have held that the law of the place of performance controls the performance of the obligation, the place of performance has been made definite and certain by the contract itself. A careful examination of the cases which have come before us where the place of performance might not be known when the contract was made shows we have recognized the law of the place of contracting controls the extent of the obligation. Thus *Ocrtel v. Fidelity & Casualty Co.* (1934), 214 Wis. 68, 251 N. W. 465; *Byerly v. Thorpe, supra,* and *Kilcoyne v. Trausch* (1936), 222 Wis. 528, 269 N. W. 276, all of which involved liability policies. Circumstances of the place of accident and the residence of the assured appeared in the statements of facts in those cases but the opinions placed weight neither on them nor on any place of performance but rested the decisions solely on the proposition that the law of the place of contracting controlled.

To like effect is an older case involving neither insurance policies nor no-action clauses. In *Davis v. Chicago, M. & St. P. R. Co.* (1896), 93 Wis. 470, 480, 67 N. W. 16, 67 N. W. 1132, the plaintiff had a round-trip railroad ticket to Iowa, which he bought in Wisconsin and which stated that the defendant would not be liable to him, a passenger, for

injuries caused by the negligence of defendant's employees. He was hurt while traveling through Iowa and the defendant pleaded the limitations of its contract,—the ticket. Under Wisconsin law such a contract provision was void. We said, ". . . the interpretation and validity of this provision are to be governed by the law of Wisconsin, where it was made, as it does not appear that the parties intended to be bound by the law of any other state or country in respect to the contract. . . ."

"The general rule of exposition is, that a contract is to be construed according to the law or custom of the place where it was made, if the actual intention of the parties in this respect is not expressly stated, but is left to be inferred from the nature, objects, and occasion of the contract." 1 Wait, Actions and Defenses, p. 130, sec. 21.

While we think it is evident that the place of performance of this contract is the place where suit happens to be brought on the risk against which the policy insures, even if respondent's premise was true that Wisconsin is the place of performance of the contract because the assured lived and kept his automobile in Wisconsin and generally used it here, it would not follow that the law of such place of performance would control. Restatement, Conflict of Laws, p. 438, sec. 358, comment *b,* expresses it thus:

"While the law of the place of performance is applicable to determine the manner and sufficiency and conditions under which performance is to be made, it is not applicable to the point where the substantial obligation of the parties is materially altered."

. There can be no question but that respondent proposes to have sec. 260.11 (1), Stats., control and destroy the postponement of liability which the insurer had reserved in its contract. Such postponement is a substantial contractual right as has often been held. *Pawlowski v. Eskofski, supra; Byerly v. Thorpe, supra; Kilcoyne v. Trausch, supra.* To

nullify such a right would be a material alteration of the insurer's obligation and as such would not be permitted under the rule approved in the Restatement.

No case has been cited to us from the decisions of this court or any other which holds that the obligation of an automobile liability policy is to be interpreted by any law other than that of the state where the contract was made. Considering the great volume of litigation growing out of automobile accidents this dearth of authority is significant and not to be explained except by acknowledging the principle that the law of the state where the contract is made determines the obligations of the contract, not the law of the state where performance happens to be required.

The reported decisions and the principles of the law on the subject require us to hold that the effect of sec. 260.11 (1), Stats., was not incorporated into the policy upon the theory that the place of performance of the contract was recognized as Wisconsin.

The policy stands, then, as a contract made in Massachusetts whose obligations are established and to be construed by the effect which Massachusetts law gives them. It is conceded that in that state the no-action clause is valid. This being so, it secured to the insurer a valuable contractual right and an application of sec. 260.11 (1) of the Wisconsin statutes at the time of performance would impair that right and is thus forbidden by sec. 10, art. I, of the United States constitution, as we have previously held in *Byerly v. Thorpe, supra,* and *Kilcoyne v. Trausch, supra.*

The legislature might require every person using the public highways to carry liability insurance and if it did so the requirement might be held valid. Presumably, then it could specify the nature and extent of the insurance required. But the legislature has not done so. Everyone who has a driver's license is at liberty to run his car upon the highway without any insurance whatever. If he may do this it seems clear that

he may buy whatever insurance he pleases and if what he may buy in Wisconsin does not please him he may look elsewhere. If, then, he brings from another state what may legally be sold to him there we see no public policy against it even though such insurance may not be as beneficial to an injured person as the sort sold here. In the absence of compulsory insurance of a prescribed kind the Wisconsin automobilist has the right to obtain what he likes or none at all and he does not bring into the state for the benefit of a plaintiff more than he purchased. .

The order denying appellant's motion for summary judgment must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the action against appellant.

Fritz, C. J. (*dissenting*). Although the policy in question was written in Massachusetts which sustains the validity of a no-action clause, it was, so far as it pertains to the named assured, John E. Sexmith, to be performed in Wisconsin where he resided, and there the automobile in question was garaged and licensed and principally used; and was being used by Sexmith when his alleged negligent operation thereof caused injuries to the plaintiffs for which they seek to recover in this action. In view of those circumstances the contract is to be treated,—as stated in the court's opinion for the purpose of its decision,—"as though made in Massachusetts directly between the Insurance Company and Sexmith, the assured." Consequently, in so far as the policy pertains to Sexmith and his negligent operation of the automobile in Wisconsin, the insurer's obligation to Sexmith to investigate for and on his behalf the nature, cause, and resulting consequences of the collision must be performed by the insurer in Wisconsin. Therefore, the following statements and decisions are applicable and controlling in this action, to wit:

"The supreme court of the United States has laid down the following rules in reference to the law governing contracts

in cases in which the place of making and the place of performance are not the same: (1) Matters bearing upon the execution, interpretation, and validity are determined by the law of the place where the contract is made; (2) matters connected with the performance are regulated by the law of the place where the contract by its terms is to be performed; and (3) matters relating to procedure depend upon the law of the forum. These three general rules have been adopted and applied by many jurisdictions in a long list of cases involving almost every conceivable kind of contract." 11 Am. Jur., Conflict of Laws, p. 403, sec. 118.

"When an action is brought upon a contract of property insurance in the state in which the property is situated, the court will, of course, apply a statute of the state which either expressly, or by construction, extends to all contracts of insurance upon property within the state, although the contract may have been made, and the loss may be payable, in another state." 63 L. R. A. 855. See *Rose v. Kimberly & Clark Co.* (1895), 89 Wis. 545, 62 N. W. 526.

"As a general rule the construction and validity of a purely personal contract depend on the law of the place where made. Story, Conflict of Laws, sec. 272. If, however, the contract is made in one place, to be performed in another, then, as a general rule, the place of payment or performance is the place of the contract. 2 Parsons, Cont. (8th ed.), 583; *Newman v. Kershaw*, 10 Wis. *333. This rule is founded on the idea that, in making a personal contract to be fully performed in another state, the parties must have had the law of that other state in view. *Shores L. Co. v. Stitt,* 102 Wis. 450." *Bartlett v. Collins* (1901), 109 Wis. 477, 481, 85 N. W. 703; *Seyk v. Millers' Nat. Ins. Co.* (1889), 74 Wis. 67, 72, 41 N. W. 443; *Brown v. Gates* (1904), 120 Wis. 349, 97 N. W. 221, 98 N. W. 205.

I am authorized to state that Mr. Justice GEHL concurs in this dissent.