**Warren W. GANDALL and Marie Gandall, Plaintiffs,**

v.

**H. RIEDEL and H. Riedel Erecting Engineers and C. W. Epsen, Defendants.**

**Civ. A. No. 6333.**

United States District Court E. D. Wisconsin.

July 25, 1955.

Richard Dillon, C. Lawrence Elder, Tulsa, Okla. and N. Paley Phillips, Milwaukee, Wis., for plaintiffs.

Gerald P. Hayes and John A. Kluwin, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This matter is before the court on the motion of the plaintiffs for leave to file an amended complaint, the proposed amended complaint being attached to the motion papers. At an informal conference of counsel agreements were entered into with respect to all proposed amendments except the proposed amendment joining as a party defendant The Fidelity and Casualty Co. of New York.

The proposed amended complaint alleges that the proposed defendant, The Fidelity and Casualty Co. of New York, issued to the defendant, Henry C. Riedel, a policy of insurance covering the automobile involved in the accident. That said policy was written in the State of Wisconsin, and by virtue of the laws of the State of Wisconsin, The Fidelity and Casualty Co. of New York "is a proper party to this action and is liable to the plaintiffs * * *." The proposed amended complaint as well as the complaint indicates that this is an action for damages arising out of an automobile accident which occurred April 14, 1954, at South Cicero Avenue just beyond the intersection of that street with Gladys Street in the City of Chicago, Cook County, Illinois. Jurisdiction is based upon diversity of citizenship, the plaintiffs being citizens and residents of Oklahoma, the defendants of Wisconsin and the proposed defendant, The Fidelity and Casualty Co. of New York, being a New York corporation.

Rule 17(b) of the Rules of Civil Procedure, 28 U.S.C.A. provides in part:

"In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *."

As was stated in Guaranty Trust Co. of New York v. York, 326 U.S. 99, at page

108, 65 S.Ct. 1464, at page 1469, 89 L. Ed. 2079:

"But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State."

And again at page 109 of 326 U.S., at page 1470 of 65 S.Ct.:

"In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins (304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188) is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result. And so, putting to one side abstractions regarding 'substance' and 'procedure', we have held that in diversity cases the federal courts must follow the law of the State as to burden of proof, Cities Service Oil Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196, as to conflict of laws, Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, as to contributory negligence, Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L.Ed. 645. And see Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394. Erie R. Co. v. Tompkins has been applied with an eye alert to essentials in avoiding disregard of State law in diversity cases in the federal courts. A policy so important to our federalism must be kept free from entanglements with analytical or terminological niceties."

In Wisconsin an automobile insurer is made directing liable by statute to any person injured through the negligent operation of the vehicle. Section 85.93, Wis.Stats. Such insurer can be joined as a party defendant in such action. Section 260.11, Wis.Stats. Where the policy is issued and delivered in Wisconsin and the accident happened in Wisconsin, it is now settled that under these statutes the automobile insurer can be made a party defendant and sued directly notwithstanding any "no action" clause. Lang v. Baumann, 213 Wis. 258, 251 N.W. 461. However, the Wisconsin Court holds that where the policy is written outside of Wisconsin and contains a valid "no action" clause, which provision is valid in the state of issuance of the policy, that even though Section 260.11, Wis.Stats., related to procedure and was, therefore, a remedial statute, it would be unconstitutional to construe and apply it so as to substantially lessen the value of the pre-existing contractual provisions, and that it would be unconstitutional to apply 't so as to impair that contractual right when it existed under a no action clause of a policy written in Illinois, where such a clause is valid and effective in all respects.

The Wisconsin Supreme Court has held that where a liability policy is issued in Massachusetts, it is not subject to the Wisconsin statutes covering such policies even though the policy indicated on its face that the automobile was to be garaged in Wisconsin. Ritterbusch v. Sexmith, 256 Wis. 507, 41 N.W.2d 611, 615, 16 A.L.R.2d 873. It is there stated:

"No case has been cited to us from the decisions of this court or any other which holds that the obligation of an automobile liability policy is to be interpreted by any law other than that of the state where the contract was made. Considering the great volume of litigation growing out of automobile accidents this dearth of authority is signifi-

cant and not to be explained except by acknowledging the principle that the law of the state where the contract is made determines the obligations of the contract, not the law of the state where performance happens to be required."

It is stated in American Law Institute, Restatement of the Law, Conflict of Laws, Section 384, that where a cause of action in tort is created at the place of the wrong, it would be recognized in other states. It then goes on to state that whether contributory negligence precludes recovery is determined by the law of the place of the wrong, and other matters of substantive law are determined by the law of the place of the wrong. Section 388 states that if there is a defense on the merits to the plaintiff's claim by the law of the place of the wrong, no recovery can be had on the claim in another state. Section 394 states that if the death statute in the state of the wrong designates a particular person as one to sue, such person may sue in any state. Section 396 states that if the law of the state of the wrong provides that suit for death shall be brought by the personal representative of the deceased, recovery can be had only by a person qualified to sue at the forum as personal representative. Section 397 states that recovery under the death statute of the place of the wrong cannot be had in any other state after the time fixed in the statute for bringing an action has elapsed.

It is to be noted that these are all stated as substantive law and governed by the law of the state of the wrong.

In Hensel v. Hensel Yellow Cab Co., 209 Wis. 489, 245 N.W. 159, it is held that where the accident occurred in Ohio, the wife of the driver is not liable in Wisconsin because such action does not lie between the husband and wife in Ohio, the place of the wrong. This is true notwithstanding the fact that under the Wisconsin law such an action would lie. The same rule is applied in Garlin v. Garlin, 260 Wis. 187, 50 N.W.2d 373, where it is held that a wife cannot sue the husband in tort in courts of Wisconsin where the accident happened in Illinois because it is governed by the laws of the state of Illinois. There being no liability there, there can be none here.

In Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212, it is held that the courts of Wisconsin must under the full faith and credit laws enforce an action for wrongful death created under the laws of the state of Illinois, in other words, it must apply the law of the state of Illinois.

The case of Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S. Ct. 166, relied on by the plaintiffs is not in point on this question. There the insurer, in order to be admitted to do business in Louisiana, was compelled to and did consent to such direct suits in order to get a certificate to do business in that state. That question is not involved here.

The cases cited in the circuit courts of the state bearing on the question as to whether, by the terms of the various documents executed by insurance companies in order to be licensed to do business in the state, they have subjected themselves to direct liability regardless of the terms of the policies issued in foreign states are not in the Court's opinion in point on the question here under consideration.

This case resolves itself under Rule 17 (b) into the question, Would the Supreme Court of the state of Wisconsin permit the joinder of The Fidelity and Casualty Co. of New York, the policy having been issued in Wisconsin and the injury, the alleged tort, and the right of action having been created by the laws of the state of Illinois? Would the Supreme Court of Wisconsin hold someone (the insurer) directly liable in Wisconsin where the alleged tort was in Illinois and under the Illinois law that company would not be directly liable?

■ If this question were before this Court as an original proposition, this Court would hold that the question of who is liable, questions of limitations,

substantive law such as effect of contributory negligence, capacity to sue or be sued, would be determined by the law of Illinois and deny the motion. However, the Supreme Court of the state of Wisconsin in Oertel v. Williams, 214 Wis. 68, 251 N.W. 465, in January, 1934, held contrary to that view. In that case the collision happened in Indiana. The policy was written in Wisconsin. In holding that the insurer could be held directly liable even though in Indiana that would not be the case, the Wisconsin Supreme Court stated at page 71 of 214 Wis., at page 466 of 251 N.W.:

"Whether, under the law of Indiana, the insurer can or cannot, as a matter of procedure, be joined, against its objection, as a defendant in such an action, is immaterial. That is purely a question of procedural law as to which, under the rule that the law of the forum governs all matters relating to the remedy, the conduct of the trial, and the evidence (citing cases), the procedural law of this state is controlling. No sound reason has been stated by the insurer because of which the application of a purely procedural statute, such as section 260.11, Stats. 1931, to a matter of procedure in this action, which is transitory in its nature, which was commenced in this state after the enactment of that statute, and which is based on a policy issued in this state after such enactment, can be considered a violation of any constitutional provision."

That decision has not been overruled or modified by the Wisconsin Supreme Court so far as any of the briefs of counsel indicate and so far as the Court has been able to find. Therefore, the Court finds that by the law of the state in which this District Court is held, namely, Wisconsin, the joinder would be permitted and, therefore, grants the motion to make the proposed interpleaded defendant, The Fidelity and Casualty Co. of New York, a defendant herein.

Counsel for the plaintiffs may draw and submit to counsel for the defendants for approval as to form an order in accord with this decision so far as the joinder of the proposed defendant, The Fidelity and Casualty Co. of New York, is concerned and in conformity with the agreements entered into at the informal conference imposing certain conditions on the granting of the amendment to increase the prayer for damages and with reference to the allegations as to injuries. The other proposals to amend to correctly name the defendants were not objected to and the motion to amend in those respects is hereby granted.