Robert KLABACKA, Guardian ad litem, and Donald A. Pruefer, minor, Plaintiffs,

v.

MIDWESTERN MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Civ. No. 2856.

United States District Court W. D. Wisconsin.

Dec. 6, 1956.

Glenn L. Henry, Madison, Wis., for plaintiffs.

W. J. Stern, Madison, Wis., for defendant.

STONE, District Judge.

This is a direct action by a resident of Wisconsin, who was injured in an automobile collision, against a non-resident insurer, Midwestern Mutual Automobile Insurance Company, whose home office is in Kansas City, Missouri. The insured, Brown Taxicab Company, has its place of business at Fort Atkinson, Wisconsin,

where the auto collision occurred and resultant damages were sustained. The insurance policy involved herein was negotiated and issued in the state of Kansas, and contained the "no-action clause".

Defendant has moved for a dismissal of the complaint for the reason that the defendant is not a proper party to this action.

Section 260.11(1) of the Wisconsin Statutes, enacted in 1931, provides in part as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court. In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."

Plaintiffs contend that the defendant's motion should be denied in view of the ruling in Watson v. Employers Liability Assurance Corporation, Ltd., 1954, 348 U.S. 66, 75 S.Ct. 166, 167, 99 L.Ed. 74, holding that the Louisiana statute permitting a direct action against a non-resident insurer which had a "no-action clause" in its policy, was valid.

The insurance contract between the insured and insurer in this case was executed in Kansas City, Missouri, and contained a "no-action clause". No judgment has as yet been obtained by the plaintiffs against the insured, nor has the insured's obligation been determined or agreed upon.

The insurer contends that the institution of this action is premature in that the conditions of the "no-action clause" have not been met.

Since the enactment of Section 260.11 (1) the Supreme Court of Wisconsin has held in a number of cases that the provisions thereof do not permit a direct action against a non-resident insurer on a policy negotiated and issued in another state containing the "no-action clause" until after final determination of the insured's liability either by judgment or agreement.

In Byerly v. Thorpe, 221 Wis. 28, 265 N.W. 76, the court held that the insurer in an automobile liability policy, written in Illinois on an Illinois car and containing a "no-action" clause deferring action against the insurer until adjudication of liability against the insured, was improperly joined as a party defendant in an action against the insured for injuries caused by negligent operation of his automobile, since the provision of Section 260.11 of the Wisconsin Statutes, rendering "no-action" clauses ineffective, is deemed inapplicable to a policy written in another state where "no-action" clauses are recognized as valid and effective.

In Kilcoyne v. Trausch, 222 Wis. 528, 269 N.W. 276, the court held that the insurer in an automobile liability policy, written and issued in Iowa to an insured whose place of business was in Iowa, and containing a "no-action" clause, recognized under the laws of Iowa as effec-

tive, had a right not to be sued until the damages were first ascertained, as specified in such clause.

In that case the court found that the action was prematurely instituted against the insurer and that no action lies against the insurer until liability has been fixed and determined pursuant to the terms of the insurance policy.

The ruling of the Wisconsin Supreme Court in the above cited cases was again followed in Ritterbusch v. Sexmith, 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 873, in which the court held that the usual "no-action" clause in an automobile liability policy issued in Massachusetts where such clause is valid, is effective in Wisconsin to postpone action against the insurer until after adjudication of liability against the insured, although the policy, covering the insured anywhere in the United States and Canada, specifically covers the vehicle of a Wisconsin resident, ordinarily kept and used in Wisconsin, and the accident happened in Wisconsin, and although Wisconsin may be the place of performance of the insurance contract, and although Section 260.11(1) of the Wisconsin Statutes, by its terms, renders "no-action" clauses ineffective.

The court further held that the "no-action" clause, valid in Massachusetts where the insurance contract was made, secures to the insurer a substantial contractual right to postponement of its liability, and the law of the state where the contract was made, not the law of the state where performance happens to be required, determines the obligations of the contract, so that an application of Section 260.11(1), Wisconsin Statutes, at the time of performance would impair the insurer's contractual right, in violation of Section 10, Article I, U. S. Constitution.

In Watson v. Employers Liability Assurance Corporation, 348 U.S. 66, 75 S. Ct. 166, 99 L.Ed. 74, the constitutionality of certain provisions of the Louisiana insurance code allowing injured persons to bring direct actions against liability insurance companies that had issued policies, containing a "no-action clause", contracting to pay liabilities imposed on persons who inflict injury, was challenged.

In that case the insurance policy sued on was negotiated and issued in Massachusetts and delivered in Massachusetts and Illinois. The policy contained a "no-action clause" recognized as binding and enforceable under Massachusetts and Illinois law. The court held that the statute permitting a direct action against the insurer was valid, and that an insurance company could be joined in an action notwithstanding the fact that the policy was written without the state of Louisiana and contained the "no-action clause."

In short, the court simply held in the Watson case that the Louisiana statute which completely abrogated the "no action clause" of insurance policies, was valid. Wisconsin has no such statute. It could pass a statute similar to the Louisiana statute but it has not elected to do so, and until it does the ruling of our court in the Ritterbusch case, and the others cited herein, remains the law of this state which this court must adopt.

As stated, it appears from the pleadings that the defendant is a foreign corporation with its principal office in Kansas City, Missouri. It is not licensed to do business in Wisconsin. The policy containing the "no-action clause" was executed in Missouri, where the "no-action clause" was not subject to or restricted by any statutory provision. This provision of the contract should not be impaired by this court by permitting a direct action to be maintained against this defendant before the amount for which it may be liable has first been determined either by final judgment or by agreement.

The motion of the defendant to dismiss the complaint is granted, without costs.