Tobey ARON, as mother and next friend of Richard Aron, a minor, Plaintiff,

v.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a New York corporation, and Camp Ramah in Wisconsin, a Wisconsin corporation, Defendants.

**No. 61 C 1047.**

United States District Court
N. D. Illinois, E. D.
Dec. 13, 1961.

Harry B. Aron, Chicago, Ill., for plaintiff.

L. H. Vogel, Chicago, Ill., for defendant Indemnity Insurance Co. of North America.

WILL, District Judge.

This is a personal injury action by a resident of Illinois against a Wisconsin corporation which operates a summer camp in that State, where the accident occurred, and its insurer. The policy was written, executed and delivered in the State of New York.

Defendant insurance company has moved to dismiss the action on the grounds that (1) the complaint fails to state a cause of action upon which relief can be granted, and (2) the Court is without jurisdiction in that the defendant Camp Ramah in Wisconsin maintains its principal place of business in the City of Chicago and therefore the necessary diversity of citizenship does not exist.

In support of its contention that the complaint fails to state a claim upon which relief can be granted, the insurance company asserts that its joinder as a defendant is a violation of the well settled public policy of the State of Illinois against joinder of insurance companies, as enunciated in numerous decisions, as well as a violation of the "no action" clause of the policy, a copy of which is before the Court as an exhibit.

Plaintiff contends that such joinder is proper since the cause of action arose in the State of Wisconsin and Section 260.11 of the Wisconsin Statute permits such joinder. Plaintiff further contends that by virtue of that section, the "no action" clause is not enforceable.

The question of the application of Section 260.11 of the Wisconsin Statutes to policies of insurance written by nonresident insurance companies and execut-

ed and delivered outside the State was specifically passed upon by the Wisconsin Supreme Court in Ritterbusch v. Sexsmith, 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 873 (1950). In that case the Court held that a similar "no action" clause was effective in Wisconsin to postpone action against the insurer until after adjudication of liability against the insured, where the policy was issued in Massachusetts, even though the insured was a Wisconsin resident and ordinarily kept and used the insured automobile in Wisconsin and the accident also occurred in that State. The Court specifically concluded that the law of the State where the contract was made, not the law of the State of performance, was controlling.

In Klabacka v. Midwestern Mutual Automobile Ins. Co., D.C.W.D.Wis., 1956, 146 F.Supp. 243, the United States District Court for the Western District of Wisconsin granted the motion of the defendant insurance company to dismiss on the grounds that it was not a proper party. In that case, the policy, which contained a "no action" clause, was executed in Missouri where such a clause was valid and enforceable. Again, the insured was a resident of Wisconsin and the accident, which was the subject matter of the litigation, took place in that State.

■ In light of the clear holdings of the Wisconsin Supreme Court and the United States District Court for the Western District of Wisconsin, the "no action" clause of the instant policy is valid and precludes joinder of the insurance company as a defendant in this action. It becomes unnecessary therefore to consider whether the question of such joinder is substantive or procedural or whether the public policy of Illinois precludes such joinder and is controlling.

The erroneous joinder of the insurance company does not, however, warrant dismissal of the action as to the defendant Camp Ramah in Wisconsin since the complaint clearly states a cause of action against that defendant.

■ With respect to the second contention that the Court is without jurisdiction because the principal place of business of the defendant Camp Ramah in Wisconsin is in Chicago, Illinois, the following facts are undisputed. The defendant is a Wisconsin corporation organized for the purpose of operating a summer camp in the State of Wisconsin and, in fact, does operate such a camp at Conover, Wisconsin. It maintains a Chicago office, having desk space in Room 505 at 72 East Eleventh Street, Chicago, Illinois. The latter office is open for approximately nine months of each year while the Camp is operated for approximately three months of each year.

Title 28 U.S.C. § 1332(c) provides that for purposes of determining diversity of citizenship "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." While it is clear that the corporation maintains an office in the City of Chicago for approximately nine months of the year and operates its summer camp for only approximately three, the Chicago office is but an adjunct to the corporation's principal activity which is the conduct of the summer camp in the State of Wisconsin. Accordingly, it would appear that the requisite diversity of citizenship exists.

It follows from all of the foregoing that defendant's motion to dismiss the action should be granted as to defendant Indemnity Insurance Company of North America and denied as to defendant Camp Ramah in Wisconsin.

An order consistent with the above will be entered.