Elaine KOSS, Plaintiff,

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a foreign insurance corporation, Defendant.**

Civ. No. C–64–24.

United States District Court
W. D. Wisconsin.

July 11, 1964.

Larry W. Rader, Wausau, Wis., for plaintiff.

Herbert Terwilliger, of Genrich, Terwilliger, Wakeen, Piehler & Conway, Wausau, Wis., for defendant.

RABINOVITZ, District Judge.

The matter before the Court is a motion for summary judgment by defendant to dismiss the plaintiff's complaint. It is brought under the provisions of Rule 56, Federal Rules of Civil Procedure, on the ground that no "genuine issue as to any material fact" exists and that the "moving party is entitled to a judgment as a matter of law." Defendant claims that a direct action against it is contrary to the provisions of the Wisconsin direct action statute, sec. 260.11(1).

This Court has jurisdiction by reason of diversity of citizenship and that the amount in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C.A. § 1332.

Plaintiff and her deceased husband were citizens of Wisconsin at the time of the accident. She was a guest in her husband's automobile when the accident occurred. Defendant, a corporation organized under Connecticut laws, is the insurer of plaintiff's deceased husband. The accident occurred in the State of Michigan. The insurance policy was issued in Wisconsin.

The pertinent statutes are Wisconsin Statutes, sections 204.30(4) and 260.11 (1).

Section 204.30(4) provides:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

Section 260.11(1) provides:

" * * * In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy

agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation is by this section made a proper party defendant in any action brought by plaintiff *in this state* on account of any claim against the insured. *The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin."* (Emphasis added.)

These statutes must be read together. Section 204.30(4) creates direct liability; section 260.11(1) determines when an insurer may be made a party. Snorek v. Boyle, 18 Wis.2d 202, 118 N.W.2d 132 (1962).

The italicized portions of section 260.11 (1), just cited, were added by way of amendment by 1959 Laws of Wisconsin, Ch. 380.

Prior to the 1959 amendment, troublesome conflict of laws questions were presented where a policy was written in a state other than Wisconsin. Where the "no-action" clause was valid in such other state, the Wisconsin Supreme Court would generally give effect to the provision, notwithstanding the accident occurred in Wisconsin. See for example the leading case of Ritterbusch v. Sexmith, 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 873 (1949). In that case the insurance contract was issued in Massachusetts, where the "no-action" clause was valid. The accident which occurred in Wisconsin involved a Wisconsin driver covered by the policy. The Court stated

the issue thusly: "Does section 260.11 (1), Wisconsin Statutes, relating to joinder of an insurance company as a party defendant in an action for damages caused by the negligent operation of a motor vehicle, control the usual no-action clause in a policy of insurance, issued in Massachusetts, *but specifically covering the vehicle of a Wisconsin resident, which vehicle is ordinarily kept in and principally operated within the State of Wisconsin,* in an action brought to recover damages for negligent operation of such vehicle in Wisconsin?" (Emphasis added.) The decision of the Court was in the negative.

The Court stated as follows:

"If a policy containing a no action-clause is written in Wisconsin of course the condition repugnant to our statute is void, * * *, but to say that the same thing automatically applies when the contract is entered into elsewhere gives Wisconsin statutes an extraterritoriality which we consider cannot be sustained. * * * There is no such written waiver here, and the policy must be held to set forth the contract unless, as respondent contends, Wisconsin is the place specified by the contract as the place of performance and the joinder of the insurer is a part of performance and as such is to be controlled by Wisconsin law." 256 Wis. at 512, 41 N.W.2d at 614.

Continuing:

" * * *, while few things could be less certain than the place where the assured might require performance of the promises contained in an automobile liability policy covering him everywhere in the United States and Canada. When we have held that the law of the place of performance controls the performance of the obligation, the place of performance has been made definite and certain by the contract itself. A careful examination of the cases which have come before us where the place of performance might not be known when the contract was made shows

we have recognized the law of the place of contracting controls the extent of the obligation. * * *

Circumstances of the place of accident and the residence of the assured appeared in the statements of facts in those cases but the opinions placed weight neither on them nor on any place of performance but rested the decisions solely on the proposition that the law of the place of contracting controlled." 256 Wis. at 513, 41 N.W.2d at 614.

And continuing:

"No case has been cited to us from the decisions of this court or any other court which holds that the obligation of an automobile liability policy is to be interpreted by any law other than that of the state where the contract was made. Considering the great volume of litigation growing out of automobile accidents this dearth of authority is significant and not to be explained except by acknowledging the principle that the law of the state where the contract is made determines the obligations of the contract, not the law of the state where performance happens to be required." 256 Wis. at 515, 41 N.W.2d at 615.

Compare Ritterbusch, supra, with the case of Schultz v. Hastings, 5 Wis.2d 265, 92 N.W.2d 846 (1958), wherein, on facts which the Court said were different than Ritterbusch, a contrary result was reached.

In Schultz, the insurance policy was issued in Illinois, where the "no-action" clause is valid. The Court in Schultz said that it was impossible to determine the place of performance of the contract in Ritterbusch because the policy covered so many cars scattered throughout the United States. The Court continued:

"In the present case we are confronted by a policy issued to a Wisconsin corporation with its principal place of business at Lake Geneva, covering trucks operating in and around Lake Geneva, all of the trucks being reg-

istered in Wisconsin. So far as the record discloses none of them were used outside of the state."

"The conflict of laws is a complex subject. There are many general rules and there are many exceptions to the general rules. One of those general rules is that the rights of parties to a contract are to be determined by the law of the state where it was executed. Another general rule is that the rights of the parties are to be determined according to the laws of the state where the contract is to be performed."

"Because the place of performance could not be determined in the Ritterbusch case, as it was in effect country-wide, the first rule was applied. We think it was correctly applied in that case. In this case, however, we have a much different situation and it is clear that the performance of the contract was to be in Wisconsin."

Compare also Kranig v. State Farm Mutual Automobile Insurance Company, 9 Wis.2d 214, 101 N.W.2d 117 (1960), written by Justice Broadfoot, who also wrote the Schultz decision, supra. Section 260.11(1) was not controlling in Kranig, because it did not become effective until July 1, 1960. The accident occurred in 1956. Defendant moved for summary judgment, setting forth the "no-action" clause of the liability policy, which was written in Minnesota, where such provisions are valid. The Court in Kranig said:

"Our decision in the Ritterbusch Case was based upon a general rule for the construction of statutes involved where there is a conflict between the laws of our state and that of a sister state. In Schultz v. Hastings, * * *, this court expressly approved the decision in the Ritterbusch Case with the exception of one sentence, which was withdrawn. That decision was in 1958 and about four years after the decision in the Watson Case [348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74] by the United States Supreme Court. At the time of the commencement of this action the Ritterbusch Case was still the law of this state."

The summary judgment dismissing the complaint was affirmed.

█ Plaintiff has forcefully argued that the 1959 amendment did not alter the prior law, specifically that a policy of insurance issued in Wisconsin may not validly contain a "no-action" clause, and hence the present action may be maintained. It is true that prior to the 1959 amendment, if the policy was issued in Wisconsin, the "no-action" clause would be void. Rudolph v. Currer, 5 Wis.2d 639, 94 N.W.2d 132 (1958). The place of the accident did not determine the question of joinder of the insurer. However, sec. 260.11(1) is controlling; plaintiff's position is incorrect.

Plaintiff relies on the *suggestions* in Klabacka v. Midwestern Mutual Automobile Insurance Company, 146 F.Supp. 243 (W.D.Wis.1956), wherein Judge Stone said:

"In short, the court simply held in the Watson case that the Louisiana statute which completely abrogated the 'no action' clause of insurance policies was valid. Wisconsin has no such statute. It could pass a statute similar to the Louisiana statute but it has not elected to do so, and until it does the ruling of our court in the Ritterbusch case, and the others cited herein, remain the law of this state which this court must adopt."

The Watson case (Watson v. Employers Liability Assurance Corporation, Ltd., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954)) held that the Louisiana statute which permits direct action is valid, even where the policy was written outside of the state and where the policy contained a "no-action" clause.

It appears that Judge Stone in Klabacka was indicating how the Legislature could write a very broad direct action statute. It seems clear that the Legislature intended to create a very broad

right of direct action. Had it stopped before the proviso requiring the accident or injury occur in Wisconsin, its intention would have been accomplished. But for some unknown reason, the proviso was tacked on. There is no helpful legislative history for this amendment. Whether the proviso was the result of a compromise this court can only conjecture. What is clear, however, is that the 1959 amendment is a word for word copying of the Louisiana direct action statute. LSA–R.S. 22:655. As indicated above, it is not clear why the Legislature gave a broad right of direct action, clarifying the conflict of laws problem, and at the same time took away some of these benefits by not eliminating the proviso in the Louisiana statute limiting the right of direct action to accidents or injuries occurring in the state.

■ In any event, this Court cannot erase the limitation. It is bound by the plain meaning of the statute. It should be noted that there are no Wisconsin cases which construe the statute, as amended, for a fact situation such as is before this Court. The similarity of the Wisconsin and Louisiana statute justifies this Court in considering cases which have construed the Louisiana statute.

In Guess v. Read, 290 F.2d 622 at 624 (5th Cir. 1961), it is said:

"The right to maintain a direct action against the insurer of an alleged tortfeasor under Louisiana statute exists only where the cause or right of action arose in the State of Louisiana. * * * The accident which resulted in the fatal injury did not occur within the boundaries of the State of Louisiana. Unless the federal statute allows the direct action to be brought, we must agree that no claim is asserted upon which relief can be granted."

See also, Hancock v. State Farm Mutual Automobile Insurance Company, 267 F.2d 2 (5th Cir. 1959), and McManus v. Delta Fire & Casualty Company, 251 F.2d 496 (5th Cir. 1958).

In Weingartner v. Fidelity Mutual Insurance Co. of Indianapolis, Ind., 205 F.2d 833 (5th Cir. 1953), the Court of Appeals affirmed the District Court's judgment of dismissal of the action. The appellate court said:

"Act No. 55 of the Louisiana Legislature for 1930 granted a tort claimant a right of direct action against an insurer. Said Act No. 55 was amended by Section 1 of Act No. 541 of the Acts of 1950 so as to limit the application of the statute to accidents or injuries that occurred in Louisiana. LSA–R.S. Title 22, Section 655. The court below followed the plain language of this statute, and its judgment dismissing the suit should be sustained."

■ It is clear that the plain meaning of sec. 260.11(1) is that as a prerequisite to maintaining a direct action against an insurer, the accident must occur in the State of Wisconsin. The Legislature has made the basis for direct action simple: Where did the accident occur?

In the present case, the accident occurred in Michigan. The right of direct action is therefore not provided under the terms of sec. 260.11(1), Wis.Stats.

It appears, therefore, that as a matter of law, defendant is entitled to judgment in accordance with its motion. No issue of fact exists which would require a formal hearing. Rule 56, Federal Rules of Civil Procedure.

Therefore, it is ordered that defendant's motion for summary judgment dismissing plaintiff's complaint, without prejudice and without costs, is granted.

Defendant will prepare an order in conformity herewith.