**Elaine KOSS, Plaintiff-Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY CO., Defendant-Appellee.**

**No. 14769.**

United States Court of Appeals
Seventh Circuit.

Feb. 11, 1965.

Larry W. Rader, Wausau, Wis., for appellant.

Fred W. Genrich, Jr., Herbert L. Terwilliger, Wausau, Wis., for appellee.

Before DUFFY and CASTLE, Circuit Judges, and GRANT, District Judge.

DUFFY, Circuit Judge.

On September 23, 1962, defendant Hartford Accident and Indemnity Co. (Hartford) issued and delivered an automobile liability insurance policy to Clifford T. Koss, a resident of the State of Wisconsin, insuring him against liability for damages by reason of the negligent operation of a Buick automobile owned by him.

On October 7, 1962, Clifford T. Koss (now deceased) was operating his Buick automobile on Highway M-28 in Ontonagon County Michigan. At the time, the plaintiff, Elaine Koss, was riding in the automobile as a guest passenger. The complaint alleges various acts of negligence on the part of Clifford Koss and describes plaintiff's injuries and asks damages in the sum of $50,000.

It is without dispute that the policy of insurance hereinbefore described was delivered, issued and executed in the State of Wisconsin, and was in full force and effect on October 7, 1962.

Hartford was the only defendant named in the suit, and moved for a summary judgment. Defendant claimed that a direct action against it is contrary to the provisions of the policy which contained a "no-action" clause, and also contrary to Section 260.11(1) of the Wisconsin Statutes.

The District Court dismissed the complaint holding that it was a prerequisite to maintaining a direct action against an insurer, that the accident must have occurred in the State of Wisconsin.

Section 204.30(4), Wisconsin Statutes, creates the substantive right of direct action against the insurer. It provides:

"Any bond or policy of insurance covering liability to others by reason of the operation of a motor vehicle shall be deemed and construed to contain the following conditions: That the insurer shall be liable to the persons entitled to recover for the death of any person, or for injury to person or property, irrespective of whether such liability be in praesenti or contingent and to become fixed or certain by final judgment against the insured, when caused by the negligent operation, maintenance, use or defective construction of the vehicle described therein, such liability not to exceed the amount named in said bond or policy."

Section 260.11(1), Wisconsin Statutes, creates the procedural facility for joinder of the insurer. This section was amended by Chapter 380 of the Laws of 1959. That section, with the amendment in italics, provides:

" * * * In any action for damages caused by the negligent operation, management or control of a motor vehicle, any insurer of motor vehicles, which has an interest in the outcome of such controversy ad-

verse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, is by this action made a proper party defendant in any action brought by plaintiff *in this state* on account of any claim against the insured. *The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, provided the accident or injury occurred in the state of Wisconsin."*

Prior to the amendment of Section 260.11, many conflict of laws problems arose in situations where automobile accidents occurred in states other than where the policy of insurance was issued or delivered. The question which often was present was whether the law of the state where the accident occurred governed or whether the law of the state where the policy of insurance was issued or delivered was applicable.

In Oertel v. Fidelity & Casualty Co., (1934) 214 Wis. 68, 251 N.W. 465, the court held where the contract of insurance was entered into in Wisconsin and contained a no-action clause where such clause was invalid, and the accident occurred outside the state of Wisconsin, the law of the place of contracting would control, and the no-action clause would be invalid. Later, the Wisconsin courts applied the "place of contract" rule in cases where the accident happened in Wisconsin but the policy of insurance had been issued elsewhere. Byerly v. Thorpe, (1936) 221 Wis. 28, 265 N.W. 76; Kilcoyne v. Trausch, (1936) 222 Wis. 528, 269 N.W. 276.

Many had held the view that ignoring the place of contracting would violate vital constitutional rights, but this doubt was set at rest in Watson v. Employers Liability Assurance Corporation, (1954) 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74. The Court there held that a Louisiana statute which abrogated the "no-action" clause in a policy was valid. In that case, the insurance policy was delivered in Massachusetts, and the defendants were residents of Illinois and Massachusetts. The accident occurred in Louisiana.

In Klabacka v. Midwestern Mutual Auto Ins. Co., (W.D.Wis.1956), 146 F. Supp. 243, in commenting on the Watson case and the Louisiana direct action statute, the Court stated, at page 245: " * * * Wisconsin has no such statute. It could pass a statute similar to the Louisiana statute but it has not elected to do so, and until it does the ruling of our court in the Ritterbusch [1] case, and the others cited herein, remains the law of this state which this court must adopt."

In Schultz v. Hastings (1958), 5 Wis. 2d 265, 92 N.W.2d 846, the policy was issued in Illinois where a "no-action" clause was valid but the accident occurred in Wisconsin. Apparently ignoring the place of contract rule, the court applied the law of Wisconsin. In the following year, the Wisconsin legislature amended the "direct action" statute.

It seems reasonable to infer that in 1959 the Wisconsin legislature knew of the Klabacka decision and opinion. The latter stated that Wisconsin " * * * could pass a statute similar to the Louisiana statute but it had not elected to do

---

1. Ritterbusch v. Sexmith (1950), 256 Wis. 507, 41 N.W.2d 611, 16 A.L.R.2d 373.

so * * *." It seems more than mere chance that the Wisconsin legislature did enact an amendment to Sec. 260.11(1) which was identical to the Louisiana statutory provision considered by the United States Supreme Court in the Watson case.

■ ■ In our view, the 1959 amendment abrogated completely the "place of contracting" rule. The entire amended statute must be read as an entirety. The proviso that the accident or injury must occur in the State of Wisconsin is controlling. The Court of Appeals for the Fifth Circuit has similarly construed the Louisiana statute hereinbefore described, holding that the right to maintain a direct action against the insurer of an alleged tort feasor under the Louisiana statute exists only where the cause or right of action arose in the State of Louisiana. Weingartner v. Fidelity Mutual Ins. Co. of Indianapolis, 205 F.2d 833.

It follows the judgment of the District Court must be and is

Affirmed.